HYMAN BELKIN, Respondent, v. BOOTH & FLINN Co., INC., and Others, Defendants, and THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— This action was brought originally in ejectment against the contractor and subcontractor engaged in building the new Albany-Rensselaer bridge to remove sheds and structures built upon land claimed by plaintiff. The defendants answered that the land which they occupied belonged to the State of New York, having been formerly under the waters of the Hudson river. The State was then made a party and the action continued to determine the ownership of the land. The judgment gave to the plaintiff land 325 feet in width westerly of and adjacent to Broadway in the city of Rensselaer. The findings in support of the judgment are sustained by the evidence of a man who lived in the vicinity in 1863 and by the location of a tree said to be at least two centuries old. This common-law proof is not overcome by inferences to be drawn from an ancient map. Judgment unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

HELEN L. AMSDEN, Respondent, v. WASHINGTON BRIDGE EXPRESS LINES, INC., Appellant. JOHN J. AMSDEN, Respondent, v. HARRY J. ROEDER, Respondent, and WASHINGTON BRIDGE EXPRESS LINES, INC., Appellant.— Appeal from three judgments based on verdicts obtained at the Rensselaer Trial Term. This was a three-car accident on a State highway near Peekskill. Plaintiff Helen Amsden sued the defendant Washington Bridge Express Lines, Inc., a bus company, and John J. Amsden, her husband, sued Harry J. Roeder and the bus company for negligence. The husband and wife were driving south on their own side of the road, and the bus and the defendant Roeder were proceeding north, Roeder following the bus. There was evidence from which the jury could find that Roeder attempted to pass the bus, and, before he got by, the bus pulled over toward the middle of the road, and crowded Roeder's car against Amsden's car. Roeder pleaded a counterclaim against John J. Amsden and the bus company; and at the close of his proof the counterclaim was dismissed as to Amsden. Both of the plaintiffs and the defendant Roeder obtained verdicts against the bus company, upon which judgments were entered. A question of fact was presented which was properly submitted to the jury. The defendant bus company contends that error was committed in excluding a so-called police blotter of the town of Cortlandt. No proper foundation was laid for its admission, and its exclusion was proper. In like manner the defendant contends that the blotter was admissible under section 374-a of the Civil Practice Act. It was not admissible under that section for a like reason. We have examined the other exceptions to the exclusion of evidence, and find no error. Judgment unanimously affirmed, with costs to the respondents Amsden and Roeder in one action. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.