■ In the Matter of ANTHONY RERES et al., Respondents, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant.— In a proceeding by administrators of a decedent's estate pursuant to article 78 of the Civil Practice Act, to annul a determination of the City Rent Administrator which denied the petitioners' application for issuance of a certificate of eviction, the Rent Administrator appeals from an order of the Supreme Court, Richmond County, entered December 18, 1962, which annulled her said determination. The petitioners have also moved to dismiss the appeal on the ground that,

725

contrary to rule 234 of the Rules of Civil Practice and contrary to the terms of an order of this court, dated March 6, 1963, the Rent Administrator has failed to serve a copy of the appeal record upon them. Order affirmed, with costs, and motion denied. In a proceeding pursuant to section 55 (subd. a) of the New York City Rent, Eviction and Rehabilitation Regulations, the good faith of an administrator of an estate who seeks occupancy of a rent-controlled housing accommodation owned by the estate may not be impeached because he did not occupy vacant housing accommodations owned by the estate which were not rent-controlled and were rentable at potentially higher rents than that applicable to the housing accommodation of which he seeks possession. Nor may the good faith of an owner of real property, who similarly seeks possession of a rent-controlled housing accommodation, be so impeached. In each instance the sole question is whether the applicant "seeks the eviction with the honest intention and desire to gain possession of the premises for his own use" (*Matter of Rosenbluth* v. *Finkelstein*, 300 N. Y. 402, 405). While the existence of comparable vacant housing accommodations owned by the applicant may be considered in determining the presence of such an intention, yet, in the absence of a clear expression of legislative intent, we do not think that the statute, under the circumstances described, requires an owner to occupy the housing accommodation which is not controlled and thus diminish his income from his property. The petitioners' motion to dismiss the appeal is denied. In our opinion, the appellant Rent Administrator was not required by rule 234 of the Rules of Civil Practice to serve a copy of the record upon the petitioners (L. 1962, ch. 21, § 1; Local Emergency Housing Rent Control Act, § 8). Under the statute, service of her (the Rent Administrator's) brief upon the petitioners and filing of her return in this court were sufficient. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.