■ In the Matter of MARY McCABE et al., Appellants, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Respondent.— In a proceeding by landlords, pursuant to article 78 of the CPLR, to annul a determination of the City Rent and Rehabilitation Administrator denying their application for a certificate of eviction, the landlords appeal from a judgment of the Supreme Court, Queens County, entered April 15, 1964 upon the court's opinion, which denied their petition and dismissed the proceeding. Judgment reversed on the law and the facts, without costs; the Administrator's determination is annulled; and the Administrator is directed to issue the certificate of eviction. The findings of fact below inconsistent herewith, are reversed, and new findings are made as indicated herein. This proceeding was brought to obtain possession of an apartment in a two-family house, for occupancy by one of the landlords who resided elsewhere. Under such circumstances, subdivision a of section 55 of the New York City Rent, Eviction and Rehabilitation Regulations provides that a certificate shall issue where the landlord seeks, in good faith, to obtain possession for his own personal use. It is not necessary that compelling necessity be established. We find no basis in this record to impeach or even to challenge the landlords' good faith. It is not a sufficient basis for such impeachment or challenge that the landlords might have been able to obtain possession of the other apartment in the premises, which was decontrolled (*Matter of Reres* v. *Gabel*, 19 A D 2d 724). Ughetta, Kleinfeld, Hill and Rabin, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: On October 18, 1962 one McCarthy, the owner of the two-family house in question, contracted to sell the property to the petitioner Joseph Rabuse, who on October 30, 1962 assigned a one-half interest in the contract to the petitioner Mary McCabe. At the time of the execution of the contract, the second-floor apartment was vacant. The contract provided that such apartment be delivered vacant at the title closing. This provision was subsequently deleted by mutual agreement. On November 15, 1962 the said second-floor apartment was leased to a third person at a decontrolled rental. On January 25, 1963 both

petitioners took title. On January 30, 1963 petitioner Mary McCabe filed an application for a certificate to evict the first-floor tenant from his controlled apartment. The Local Rent Administrator denied the certificate on the ground that the petitioner had failed to show good faith. Upon protest against such denial, the denial was affirmed by the City Rent Administrator on a finding that the primary objective of the petitioner, Mary McCabe, was not to obtain adequate housing. In my opinion, the Administrator was warranted in finding lack of good faith on the part of such petitioner. It is well settled that, where a landlord moves out of an apartment in the building and rents it to a third person at a decontrolled rental, the landlord may not thereafter evict a tenant of a controlled apartment in the building, even though he proves that he, himself, needs and will use the tenant's apartment; under such circumstances he is deemed not to be acting in good faith. Since the rent control laws prevent him from increasing the controlled tenant's rent beyond the maximum, such a landlord in effect manipulates the eviction provisions of the rent control laws to procure an increase by exchanging apartments. To aid such a landlord does violence to the entire purpose of the rent laws (*Matter of Bingham* v. *McGoldrick*, 280 App. Div. 929). For the same reason a certificate of eviction should not be issued here, despite the fact that the landlord here is a nonresident who never lived in the building. Deletion of the contract provision requiring that the second-floor apartment be delivered vacant at the title closing and the subsequent renting of that vacant apartment to a third person are sufficient to support denial of a certificate of eviction on the ground of lack of good faith (*Matter of Bromberg* v. *McGoldrick*, 306 N. Y. 690; *Matter of Friedman* v. *Weaver*, 3 N Y 2d 123; *Matter of Levine* v. *Abrams*, 1 A D 2d 213). The *Reres* case (19 A D 2d 724), cited by the majority, is distinguishable. In that case neither of the two apartments available during the pendency of the proceedings was suitable under the circumstances there existing. One was a three-room apartment available in August, 1960, but petitioner was not then the owner of the property; he was merely the administrator of his mother's estate and there were six other brothers and sisters; and petitioner, as administrator, was under a duty to conserve the estate and to operate the property profitably. Thereafter, in September, 1961, when petitioner became the owner of the property, there was a six-room decontrolled apartment available, but petitioner needed only three rooms; and, under the circumstances, it was unreasonable to compel petitioner to occupy six rooms.