Michael E. Sweeney, J.
This is an article 78 proceeding brought by the petitioner asking this court to cancel and annul the determination of respondent Commissioner of Motor Vehicles, revoldng petitioner’s motor vehicle operating privileges.
Before considering the merits of this motion it is necessary to dispose of the procedural question raised by respondent, i.e., can this court entertain the matter or must it be transferred to the Appellate Division pursuant to CPLR 7804 (subd. [g]) as contended by the respondent. With this contention I do not agree. There is no issue raised by this motion which is contemplated ¡by CPLR 7803 (subd. 4). The issue presented is one of law. Consequently, this court has jurisdiction to hear the matter.
The facts giving rise to this controversy are undisputed.
Petitioner was arrested on October 4, 1968 for driving while intoxicated. He refused to submit to the blood test prescribed by section 1194 of the Vehicle and Traffic Law. Prior to his refusal he was warned by the arresting officer that his refusal might result in a revocation of his license. He was not informed that the revocation might result, whether or not he was found guilty of the charge of driving while intoxicated. After a hearing his license was revoked for failure to submit to the test.
It is the contention of the petitioner that the warning given by the arresting officer did not comply with section 1194 of the Vehicle and Traffic Law; that this is a jurisdictional defect and, therefore, the revocation by the respondent is invalid and must be annulled.
*198 Prior to October 1, 1968, petitioner’s contention would have had little merit. For the law at that time did not provide for any warning to the motor vehicle operator that his refusal might be the cause of revoking his license. The 1968 Legislature, however, amended subdivision 1 of section 1194 of the Vehicle and Traffic Law and this amendment became effective on October 1, 1968, some three days prior to the incident in question.
The pertinent parts of subdivision 1 of section 1194 read as follows: “If such person having been placed upon arrest and having thereafter been requested to submit to ¡such chemical test refuses to submit to such chemical test the test shall not be given but the commissioner shall revoke his license or permit to drive * * *. No license, permit or non-resident operating privilege shall be revoked because of a refusal to submit to such chemical test if the hearing officer is satisfied that the person requested to submit to such chemical test had not been warned prior to such refusal to the effect that a refusal to submit to such chemical test may result in the revocation of his license or operating privilege whether or not he is found guilty of the charge for which he was arrested.”
The issue presented here, therefore, is a very narrow one. Was the caveat given petitioner by the arresting officer sufficient to comply with the provisions of section 1194 of the Vehicle and Traffic Law as it provided on the date petitioner was arrested?
The statute providing for a chemical test to determine if a motor vehicle operator is intoxicated has been in existence for approximately 15 years. Initially and until this recent amendment, the statute mandated revocation of the license on mere refusal to submit to the test and did not require a warning of any kind.
It is, I believe, a matter of common knowledge that much controversy and confusion resulted as to whether the person arrested fully comprehended the purport of the statute. Undoubtedly, some injustices resulted from time to time. The Legislature was obviously aware of this and the further fact that in today’s mobile society countless individuals rely on the motor vehicle as a means of getting to and from their place of employment. In many instances the operator’s license is one of the controlling elements in earning a livelihood. Consequently, it is a most valued possession.
It is my opinion that an empirical examination of the statute as it read prior to October 1, 1968 motivated the Legislature to add the exhortatory language. The amendment provides for *199 a specific warning to be given the operator in order to remove any misunderstanding as to the effect of his refusal to submit to the chemical test. The purpose of this new language is to clearly warn the driver that the mere refusal to take the prescribed test would be the cause of a revocation of his license, and that a subsequent conviction or dismissal of the charge of driving while intoxicated is immaterial. Prior to this change in the statute it is understandable that a driver might reasonably have assumed it was a conviction of the driving while intoxicated charge that controlled. Manifestly this amendment is for the benefit and protection of the driver. The language is clear and unambiguous, the warning contemplated mandatory and explicit. Anything less is fatal. This section must be strictly construed and applied. It was not so applied in the instant case. Therefore, petitioner’s motion is granted. The determination of respondent revoking petitioner’s license is canceled and annulled.