Frank J. Kronenberg, J.
Nicholas Ferreri, petitioner herein, seeks an order of this court setting aside the revocation of his motor vehicle license as a result of a determination on February 19, 1969 by Motor Vehicle Referee Kenneth Levine, that Ferreri had refused to submit to a chemical test for the purpose of determining the alcoholic content of his blood.
First, this court is satisfied that the question before it is a question of law only, and that consequently this matter need not go directly to the Appellate Division pursuant to CPLR 7804, (subd. [g]).
The court has before it the entire record of the motor vehicle proceedings including the “report of refusal ”, “report of hearing ”, “ findings ”, and a transcript of the testimony taken at the hearing of February 19,1969.
*535 The court has carefully examined the record herein and the court is especially concerned with the testimony of the arresting officers to ascertain whether or not they duly complied with section 1194 of the Vehicle and Traffic Law.
Said section states in part: “No license * # * shall be revoked because of a refusal to submit to such chemical test if the hearing officer is satisfied that the person requested to submit to such chemical test had not been warned prior to such refusal to the effect that a refusal to submit to such chemical test may result in the revocation of his license or operating privilege whether or not he is found guilty of the charge for which he was arrested.” (Italics added.)
Did the warning given by the arresting officer comply with section 1194 of the Vehicle and Traffic Law!
Deputy Sheriff John P. Grourlay stated in his sworn testimony before the Referee:
“ A. He was a little belligerent at this time. After I arrested him, I asked him to submit to a chemical test, the way I stated was right on the sheet here, ‘ Will you submit to a chemical test for intoxication! ’ ”
He continues: “ He said I won’t take any tests. We advised him that his license would be revoked if he didn’t take the test ”.
The case of Harrington v. Tofany (59 Misc 2d 197 [March 13, 1969]) is directly in point.
Therein the court pointed out that prior to October 1, 1968, petitioner’s contention that the warning given him did not comply with section 1194 (of the Vehicle and Traffic Law) would have had little merit, since the law at that time did not provide for any warning to the motor vehicle operator that his refusal might be the cause of revoking his license.
However, the 1968 Legislature amended section 1194 of the Vehicle and Traffic Law and part of the amended section is as recited above.
The court pointed out further (Harrington, supra) that the statute providing for a chemical test has been in existence some 15 years and that until this recent amendment the statute mandated revocation of the license on mere refusal to submit to the test and did not require a warning of any kind.
This court is in complete accord with the comments and findings of Justice Sweeney in Harrington v. Tofany (supra).
A man’s driving license is a most valued possession and the statute (Vehicle and Traffic Law, § 1194) as originally written needed revising and the Legislature provided for a specific warning in the hope of removing any misunderstanding as to the effect of a “ refusal ”.
*536 As stated in Harrington (supra, p. 199): “ The purpose of this new language is to clearly warn the driver that the mere refusal to take the prescribed test would be the cause of a revocation of his license, and that a subsequent conviction or dismissal of the charge of driving while intoxicated is immaterial. Prior to this change * * * a driver might reasonably have assumed it was a conviction of the driving while intoxicated charge that controlled.” (Italics supplied.)
The court continues (p. 199): “ Manifestly this amendment is for the benefit and protection of the driver. The language is clear and unambiguous, the warning contemplated mandatory and explicit. Anything less is fatal. This section must be strictly construed and applied. ’ ’
Nothing could be clearer and in following the Harrington case (supra) this court must find and does find that the warning given petitioner by the arresting officer did not comply with section 1194 of the Vehicle and Traffic Law, as a matter of law.
Consequently, the determination of the respondent revoking petitioner’s motor vehicle license must be and hereby is annulled, canceled, and set aside and the Commissioner of Motor Vehicles is directed to return the license of Nicholas Ferreri, forthwith.