W. Vincent Grady, J.
This is an article 78 proceeding to set aside a revocation of petitioner’s motor vehicle operator’s license.
On March 21, 1969, petitioner was arrested and charged with driving while intoxicated in the City of Beacon. He refused to submit to a chemical test. A motor vehicle hearing was held at which the arresting officer testified that he advised the petitioner that if he refused to submit to a chemical test for intoxication, his license might be suspended.
The referee found that the police officer did not say ‘ ‘ revoked ’ ’ nor did he add that action would be taken even if the charge for which he was arrested would be dismissed; nevertheless, the petitioner’s license was .revoked by the hearing officer for his refusal to submit to a chemical test.
It is petitioner’s contention that there was a failure to comply with the following provision of subdivision 1 of section 1194 of the Vehicle and Traffic Law which was added by chapter 85 of the Laws of 1968: “ No license, permit or non-resident operating privilege shall be revoked because of a refusal to submit to such chemical test if the hearing officer is satisfied that the .person requested to submit to such chemical test had not been warned prior to such refusal to the effect that a refusal to sub *779 mit to such chemical test may result in the revocation of his license or operating privilege whether or not he is found guilty of the charge for which he was arrested.”
The only interpretation of this new provision which research has disclosed is by Mr. Justice Michael E. Sweeney in Matter of Harrington v. Tofany (59 Misc 2d 197). In that case, the arresting officer informed the petitioner that his refusal to submit to a blood test might result in the revocation of his license, but he did not warn him that the revocation might result, whether or not he was found guilty of the charge of driving while intoxicated.
In granting petitioner’s motion to cancel and annul the determination revoking petitioner’s license, the court gave the following interpretation of the amendment to subdivision 1 of section 1194 of the Vehicle and Traffic Law: “ It is my opinion that an empirical examination of the statute as it read prior to October 1, 1968 motivated the Legislature to add the exhortatory language. The amendment provides for a specific warning to be given the operator in order to remove any misunderstanding as to the effect of his refusal to submit to the chemical test. The purpose of this new language is to clearly warn the driver that the mere refusal to take the prescribed test would be the cause of a revocation of his license, and that a subsequent conviction or dismissal of the charge of driving while intoxicated is immaterial. Prior to this change in the statute it is understandable that a driver might reasonably have assumed it was a conviction of the driving while intoxicated charge that controlled. Manifestly this amendment is for the benefit and protection of the driver. The language is clear and unambiguous, the warning contemplated mandatory and explicit. Anything less is fatal. This section must be strictly construed and applied. It was not so applied in the instant case.” (59 Misc 2d 197, 198-199.)
The warning by the arresting officer in the Harrington case was much more explicit than that given by the police officer to the petitioner herein, yet the court held that warning insufficient. However, the respondent argues that section 1194 only requires a police officer to warn petitioner ‘ ‘ to the effect that a refusal to submit to such chemical test may result in tjie revocation of his license ” and that the warning as to suspension of a license, complies with this section. A suspension of a license is not the same as a revocation of a license. Under a suspension, a license is returned at the expiration of the term of the suspension. Under a revocation, a license is taken away completely for a fixed period of time and no new license can be obtained until *780 approval is granted, which approval may be withheld (Vehicle and Traffic Law, § 510).
In view of the clear distinction in the consequences under section 510 of the Vehicle and Traffic Law between “ suspension ” and “revocation”, a warning that a person’s license may be suspended is not to the effect that his license may be revoked. The arresting officer having failed to comply with the warning prescribed by section 1194 of the Vehicle and Traffic Law, petitioner’s motion is granted and the respondent is directed to set aside the revocation of petitioner’s motor vehicle license and return said license to the petitioner.