Harold R. Soden, J.
Petitioner institutes an article 78 proceeding to set aside the revocation of petitioner’s motor vehicle operator’s license which was revoked ¡by a July 16, 1969 order of the Commissioner of Motor Vehicles.
Petitioner at the time in question was a crane operator employed by the General Electric Company of Schenectady, New York. He worked the second shift on April 25, 1969 from 3:4>5 p.m. until 11:46 p.m., leaving the main plant shortly after midnight on April 26,1969. He apparently consumed somewhat less than one bottle of beer at a place called “ Joe’s Bar ” near the General Electric plant when he realized that he had forgotten to pick up his check at the mill. He then drove his wife’s 1966 Volkswagen suburban automobile southerly on Erie Boulevard to return to the mill for his check. He entered a ramp on Route '5-S and when trying to avoid another car, turned sharply to the left, and the vehicle overturned. There was a defect in the steering mechanism which had been known to the petitioner. As a result of the accident, petitioner was struck on the head and received a large laceration of the scalp. The vehicle was righted, and the petitioner drove the car to the General Electric parking lot approximately one quarter of a mile from the accident. The accident was reported about 12:45 a.m. by some unknown person. Petitioner reported the accident to a security guard at the General Electric and asked for medical attention. ¡Shortly before 2:00 a.m., a ¡Schenectady city policeman arrested petitioner for violation of subdivisions 1 and 2 of section 1192 of the Vehicle and Traffic Law.
On June 26, 1969, a hearing was held at the Police 'Court in the City of (Schenectady, New York. The 'District Attorney of Schenectady County, on his own motion at the end of the People’s case, moved to dismiss the above-mentioned charges against the petitioner. Thereafter, the petitioner pleaded guilty to operating a motor vehicle with a defective steering mechanism in violation of section 375 of the Vehicle and Traffic Law.
Thereafter, on July 16, 1969, petitioner attended a scheduled motor vehicle hearing held pursuant to notice to determine whether petitioner refused to sulbmit to a chemical test for the purpose of determining the alcoholic content of his blood and further to determine whether or not his operator’s license should he revoked.
*918 The Attorney-Heneral, appearing on behalf of the Commissioner of Motor Vehicles, now contends that the Appellate Division, Third Department, has sole and exclusive jurisdiction of this matter. (CPLR 7804, subd. [g].) This is not a proceeding to determine whether or not the result of the hearing, at which evidence was taken on the entire record, was supported by substantial evidence. The question raised herein falls squarely within CPLR 7803 (subd. 3) and is solely a matter of law. The court, therefore, assumes jurisdiction.
The question herein revolves about whether or not the determination of the hearing Commissioner was affected by an error of law. It appears in the hearing minutes that the arresting officer was initially asked the following questions and gave the following answers: “ Q. Now, after he was placed under arrest, did you have some conversation with him concerning the chemical test? A. Yes, sir. I asked him to submit to a chemical test, I asked him to submit to a chemical test — Oh, excuse me,— I asked if he would submit to a chemical test for intoxication. I also stated a refusal to do so may mean revocation of your license.”
Thereafter, the officer was given an additional opportunity to correct his testimony: “ Q. Let me ask you again, Patrolman G-alligan, you heard Mr. Maxfield’s testimony, is there any part of your testimony you want to change? Any part of your original testimony you would like to change? A. No, sir.”
The affidavit of the arresting officer was offered by the hearing Referee and received into evidence over the objection of petitioner’s attorney. The pertinent portion of the sworn police officer’s report contains the following statement: “ Thereafter, the driver was warned as follows. Refusal to submit to chemical test may result in revocation of your license or driving privilege whether nr not you are found guilty of the charge for which you were arrested.”
In this case, we find a distinction from the case, Matter of Harrington v. Tofany (59 Misc 2d 197). In Harrington, both parties admitted to the fact that the arresting officer did not advise Harrington that his refusal to submit to a chemical test may result in the revocation of his license or driving privilege whether or not he was found guilty of the charge for which he was arrested. Harri/ngton is a classic example of no warning given and no question of the fact it was not given. In this case (Maxfield), the petitioner claims he was not warned pursuant to section 1194 of the Vehicle and Traffic Law. The arresting officer under oath at a hearing stated only that he warned Maxfield that his refusal to take the chemical test for intoxica *919 tion could mean the revocation of his license. Also, we have in this case a later attempt to rectify the officer’s failure to correctly advise the petitioner, by the offer and acceptance of the police officer’s report received in the direct case of the prosecution— a report made after the event of the arrest. Without the officer’s affidavit there is no prima facie case — the People did not meet the burden of proof. The offer and acceptance into evidence of the report is unlawful, as under these circumstances it is a self-serving document. iSelf-serving evidence should be excluded when the danger of fabrication greatly outweighs the probative value the evidence may possess. (People v. Raizen, 211 App. Div. 446; Latimer v. Burrows, 163 N. Y. 7.)
In this case (Maxfield), petitioner’s attorney properly and timely objected to the admission into evidence of People’s Exhibit 1 (arresting officer’s report). He was overruled, took an exception, and the damaging evidence was admitted unlawfully. This, therefore, is not a case of a self-serving statement being received as an admission when acquiesced in by an opponent. The District Attorney was correct in the city court proceeding when he moved to dismiss the proceeding at the conclusion of his case as he did not make out a prima facie case, nor was such a case made out lawfully before the Motor Vehicle Commissioner at the July 16,1969 hearing.
Section 1194 of the Vehicle and Traffic Law must be strictly construed if it is to be given any valid meaning. Petitioner’s motion is granted. Respondent’s order revoking petitioner’s license is annulled.