Robert 0. Brink, J.
The above-named petitioner has applied to this court in an article 78 proceeding for an order compelling *547 the Commissioner of Motor Vehicles to restore the petitioner’s motor vehicle operator’s license which was revoked on June 3, 1969, following a hearing. The grounds for the revocation were that the petitioner refused to submit to a chemical test for the purpose of determining the alcoholic content of his blood, after being arrested on a charge of violating subdivision 2 of section 1192 of the Vehicle and Traffic Law.
It is revealed from the testimony of the arresting officer on the hearing that the petitioner refused to submit to the blood test after a consultation with his attorney on the telephone. It appears from the testimony that apparently the petitioner was not given the warning required by section 1194 of the Vehicle and Traffic Law, for the reason petitioner refused to submit to the blood test after a conversation with his attorney.
Section 1194 of the Vehicle and Traffic Law must be strictly construed and applied. (Matter of Pucino v. Tofany, 60 Misc 2d 778; Matter of Harrington v. Tofany, 59 Misc 2d 197.)
The mere fact that a defendant has a conversation with his attorney before refusing to take the test, does not constitute a sufficient basis to excuse the police from giving the required warning. It is entirely possible his attorney might not have advised him as to the fact that a refusal to submit to a chemical blood test would jeopardize his license. It is also possible that if he were given the required warning by the police, he would change his mind regardless of his attorney’s advice. The statute does not set forth any conditions under which the warning may be dispensed with.
The Hearing Beferee in his decision, attempts to base a finding that the required warning was given upon a printed report submitted to the Motor Vehicle Department-by the arresting officer, which was received in evidence. In view of the officer’s testimony at the hearing, this report has no probative value. Furthermore, the report was improperly received in evidence by reason of the fact it was a self-serving declaration signed following the incident. (Matter of Maxfield v. Tofany, 60 Misc 2d 916.)
The evidence in the case does not support the finding of the Hearing Beferee to the effect that there was a compliance with the statute. The order of revocation by the Commissioner of Motor Vehicles should be set aside and an order granted requiring the Commissioner of Motor Vehicles to restore petitioner’s motor vehicle operator’s license.