■ In the Matter of CHARLES MAXFIELD, Respondent, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles of the State of New York, Appellant.— REYNOLDS, J. Appeal from a judgment rendered by the Supreme Court, Schenectady County, in a proceeding brought pursuant to CPLR article 78 annulling an order of the Commissioner of Motor Vehicles revoking respondent's operator's license for refusal to submit to a chemical test to determine the alcoholic content of his blood. Special Term held that the revocation was improper in that it had not been satisfactorily established that respondent had been advised that " refusal to submit to chemical test may result in revocation of your license or driving privilege *whether or not you are found guilty of the charge for which you were arrested*" (emphasis added), as required by subdivision 1 of section 1194 of the Vehicle and Traffic Law (*Matter of Harrington v. Tofany*, 59 Misc 2d 197). At the hearing the investigating officer stated that he warned respondent only as follows: " Q. Now, after he was placed under arrest, did you have some conversation with him concerning the chemical test? A. Yes sir. I asked him to submit to a chemical test, I asked him to submit to a chemical test — Oh, excuse me, — I asked if he would submit to a chemical test for intoxication. I also stated a refusal to do so may mean revocation of your license." This, of course, was not the complete warning required in that it did not include the admonishment " whether or not you are found guilty of the charge for which you were arrested." However, an affidavit made by the arresting officer and submitted by the appellant and accepted by the Referee over the respondent's objection does clearly indicate that the complete warning was given. The admissibility and probative value of this report is thus the dispositive issue. Special Term held that the report was improperly admitted into evidence since it was self-serving and self-serving evidence should be excluded when the danger of fabrication greatly outweighs the probative value the evidence may possess (see Richardson, Evidence [9th ed.], § 378). As a general rule the strict or technical rules of evidence applicable in a court of law do not apply in administrative hearings (1 N. Y. Jur., Administrative Law,

§ 121). The mere admission of hearsay and other evidence technically inadmissible under the rules followed in a court of law will not require a reversal except in rare cases where such admission violates the fundamentals of a fair hearing (see *Matter of Sowa* v. *Looney,* 23 N Y 2d 329, 333, 334). Thus the issue is not truly the admissibility of the report but the weight that can and should be properly given to it. First, on examining the report it is evident that it is made out on a printed form with the prescribed warning being a printed portion thereof. Secondly, we are not being asked to accept the report to refresh recollection or show credibility but rather to supply affirmative evidence of the facts stated therein. And to supply such evidence where the directoral testimony of the author of the report is at variance with the statement in the report. This is clearly not possible even in an administrative proceeding of this nature (Richardson, Evidence [9th ed.], § 522; *Matter of Roge* v. *Valentine,* 280 N. Y. 268, 275–278). Nor was a proper foundation laid for admission of the officer's affidavit as a "business record" (*Amsden* v. *Washington Bridge Express Lines,* 248 App. Div. 645, mot. for lv. to app. den. 272 N. Y. 673). Accordingly, there is present no probative evidence that the required warning was given, and the judgment appealed from must therefore be affirmed. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J. [60 Misc 2d 916.]