In the Matter of WILLIAM KRAMER, Appellant, *v.* VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.

Third Department, November 12, 1970.

*Floyd J. Reinhart* for appellant.

*Louis J. Lefkowitz, Attorney-General (Philip J. Fitzgerald and Ruth Kessler Toch* of counsel), for respondent.

COOKE, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered March 11, 1970 in Montgomery County, which dismissed petitioner's application, in a proceed-

ing under article 78 of the CPLR, to vacate a determination revoking petitioner's license to operate a motor vehicle.

The pertinent facts are not in dispute. On August 17, 1968 appellant, upon being arrested on a charge of operating on that day a motor vehicle while in an intoxicated condition in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law, refused to submit to a chemical test to determine the alcoholic content of his blood. At the hearing conducted by respondent there was no proof that he was warned that a refusal would subject him to revocation of his operator's license.

Chapter 85 of the Laws of 1968, effective October 1, 1968, amended subdivision 1 of section 1194 of the Vehicle and Traffic Law so as to provide that no license, permit or nonresident operating privilege shall be revoked because of refusal to submit to such a chemical test if the hearing officer is satisfied that the person requested to submit had not been warned prior to such refusal to the effect that refusal to submit may result in revocation whether or not he is found guilty of the charge for which arrested. It is the general rule that an amendment will have prospective application only, unless its language clearly indicates that it shall receive a contrary interpretation (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 52; cf. *Matter of Mulligan* v. *Murphy*, 14 N Y 2d 223, 226). Here, chapter 85 expressly provides that the amendment is applicable to alleged refusals to submit occurring on and after October 1, 1968, and, therefore, denial of relief of petitioner is mandated (cf. *Matter of Harrington* v. *Tofany*, 59 Misc 2d 197, 198).

The judgment should be affirmed, without costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and SWEENEY, JJ., concur.

Judgment affirmed, without costs.