George Beisheim, Jr., J.
This is an article 78 proceeding in which petitioner seeks to annul the revocation, after hearing, of her motor vehicle operator’s license for failure to submit to a chemical test for intoxication (Vehicle and Traffic Law, § 1194).
On October 4,1971, after petitioner was arrested and charged with driving while intoxicated, she refused to submit to a chemical test for intoxication. Prior to her refusal, certain warnings were given to petitioner by the arresting officer, and the question before the court is whether the warnings as given complied with the requirements of section 1194 of the Vehicle and Traffic Law, which reads in part as follows: “ If such person having been placed under arrest * * * and having thereafter been requested to submit to such chemical test, refuses to submit to such chemical test, the test shall not be given but the commissioner shall revoke his license or permit to drive * * *. No license, permit or non-resident operating privilege shall be revoked because of a refusal to submit to such chemical test if the hearing officer is satisfied that the person requested to submit to such chemical test had not been warned prior to such refusal to the effect that a refusal to submit to such chemical test may result in the revocation of his license or operating privilege whether or not he is found guilty of the charge for which he was arrested. ’ ’
The facts are not in dispute as to what the arresting officer stated to petitioner before her refusal to take the chemical test. He told her that her refusal to submit to the test could result in the loss of her driving privileges whether subsequently she was convicted or not of the charge for which she was arrested.
Petitioner, in seeking the annulment of the revocation, relies upon Matter of Pucino v. Tofany (60 Misc 2d 778), which in turn cited Matter of Harrington v. Tofany (59 Misc 2d 197). Respondent bases his position on Matter of Connors v. Tofany (37 A D 2d 402).
In the Pucino case, where the warning was held to be insufficient, the officer advised the driver that if he failed to submit to the test his license might be suspended. The court held that the warning of a possible suspension was not the warning of a possible revocation and that the driver had not been properly advised in compliance with section 1194.
In the Harrington case, the arresting officer warned the driver that his refusal might result in the revocation of his *409 license but said nothing whatsoever that such revocation might result regardless of whether or not he subsequently was found guilty of the charge of driving while intoxicated. In canceling the revocation, the court stated (p. 199): “ The purpose of this new language is to clearly warn the driver that the mere refusal to take the prescribed test would be the cause of a revocation of his license, and that a subsequent conviction or dismissal of the charge of driving while intoxicated is immaterial. Prior to this change in the statute it is understandable that a driver might reasonably have assumed it was a conviction of the driving while intoxicated charge that controlled. Manifestly, this amendment is for the benefit and protection of the driver. The language is clear and unambiguous, the warning contemplated mandatory and explicit. Anything less is fatal. This section must be strictly construed and applied. It was not so applied in the instant case ”.
In the Connors case, the Appellate Division, including Mr. Justice Sweeney who had previously decided the Harrington eaise, upheld the revocation under a factual situation where the arresting officer had warned the driver that a refusal to submit to a chemical test 11 may result in the .revocation of his license by the Department of Motor Vehicles regardless of the outcome of the charge for driving while intoxicated” (p. 403). In so ruling, the Appellate Division stated: “ There was a substantial compliance with the statute which adequately apprised petitioner to the effect of his failure to submit to a chemical test. The circumstances are readily distinguishable from Matter of Harrington v. Tofany (59 Misc 2d 197), where there was no warning whatsoever that a revocation might result whether or not he was found guilty of the charge of driving while intoxicated.”
In the instant case, the court finds that there was substantial compliance with the statute. The word “loss ” used by the arresting officer implies finality in connection with the statement “loss of driving privileges ”. Within common understanding, “loss of driving privileges” means the privilege of driving a car is taken away from the operator. It does not imply a temporary abatement of the privilege to drive, which is what a suspension does.
The court does not believe that petitioner was misled, or at least that she had reasonable grounds to be misled, when the arresting officer warned her that her refusal to submit to a chemical test would result in the loss of her driving privileges regardless of whether or not she was found guilty of the charge *410 for which she was arrested. Police officers are not lawyers and it is not necessary for them to use the exact language of the statute as long as they substantially state the meaning thereof to the driver in language understandable by the ordinary citizen.
Accordingly, the cross motion of the respondent is granted and the petition is dismissed.