Frank J. Kronenberg, J.
Petitioner hereiii seeks an order of this court annulling and reversing the determination of the Commissioner of Motor Vehicles, which determination revoked petitioner’s operator’s license No. G09526-40821-805836-26; on October 27, 1972 after a hearing held pursuant to section 1194 of the Vehicle and Traffic Law of the State of New York, before the Honorable John Martina, Referee.
This petition is brought pursuant to CPLR article 78.
It appears that the petitioner alleged after the arrest that he was having a heart attack and. consequently the only reasonable. course of conduct on behalf of the arresting officer was to deliver Mr. Ginty to the hospital immediately and to wait until the doctor was finished with him. While they were waiting for the doctor the arresting officer, Sheriff Deputy Robert J. Lozina* asked for the second time whether the defendant would submit to a blood test and allegedly the defendant refused. Petitioner asks this court to rescind the determination of the Commissioner because of the arresting officer’s failure to comply with the provisions of Matter of Harrington v. Tofany (59 Misc 2d 197).
It is undenied that the deputy did not advise the petitioned that if he refused to submit to a chemical test his operator’s license was subject to being revoked regardless of what eventual disposition came of the charge of driving while intoxicated. This, of course, would be contrary to the Harrington ruling. The question before this court is whether or not there might be circumstances when Harrington did not apply.
It is noted that in Referee Martina’s findings he states, “ It is admitted that although the Officer had given Ginty the required warning under U. S. vs. Miranda he did not give any advice to Ginty concerning the consequences of a refusal, intending to do so when he arrived at the City of Loekport Police Station. He had called the City of Loekport Police Station and asked them to prepare the breath testing equipment. He then proceeded with Ginty in the Patrol car to the corner of State Street and South Transit Road and when he arrived at this intersection Ginty stated to him, ‘ I’m having a heart attack ’ and then slumped over ón the rear seat. The officer believing that Ginty was ill rushed to the Loekport Memorial Hospital *627 Emergency room and waited to have medical attention given to Ginty.
‘ ‘ A nurse came out of the emergency room and made statements to the officer to the effect that Ginty was not telling the truth but that the Officer continued to remain until a doctor arrived, examined Ginty, and concluded that there was no heart attack and no emergency. By this time 2 hours had elapsed from the time that Lozine had placed Ginty under arrest for driving while intoxicated. Before the doctor arrived at the hospital to examine Ginty the officer had also asked Ginty to submit to a blood test while at the hospital but he did not agree to a blood test. I denied Attorney Anthony Ben’s motion to dismiss this case for the Officer’s failure to comply with the requirements of Harrington vs. Tofany, in that the Officer failed to give Ginty the advice concerning the possible consequences of his refusal, namely that his license would be revoked for refusing to take the test regardless of the disposition of the charge for which he was arrested for the reason that the Officer was prevented from concluding his procedure in reference to Ginty by the motorists own sham tactics.
“ I deem Ginty’s actions to constitute a refusal , within the meaning of the letter of the statute and the Case Law and within the spirit of the Case Law which is designed to properly apprise a motorist of the consequences of a refusal. In arriving at this conclusion I believe it would be against the intentions of the public to hold otherwise for the reason that this would prevent an Officer from acting reasonably to a genuine emergency situation at any other time, since a Law officer in addition to the numerous technical requirements of his own official duties ought not be required also to be a medical expert, no other fair con-' elusion seems possible.”
This court believes that the point made by Referee Martina is well taken and that the petitioner because of his own actions is estopped from using Matter of Harrington v. Tofany (59 Misc 2d 197, supra), as a defense.
Consequently, the findings of the Motor Vehicle Referee must be and hereby are affirmed and the petition dismissed.
The stay of all proceedings herein granted in the order to show cause are hereby vacated.