VEHICLE AND TRAFFIC LAW § 1194.
A physician is not immune from personal liability for any act done or omitted in the course of withdrawing blood from a person at the request of a police officer by reason of the provisions of Vehicle and Traffic Law § 1194(7) (b) where the person has been arrested on the grounds of violating Vehicle and Traffic Law §1192 and that person thereupon refuses to submit to a chemical test of his blood.
HON. ROBERT P. WHALEN Commissioner Department of Health
This is in reply to your December 10 request for an opinion on the question of liability of a physician who at the request of a police officer takes a blood specimen of a person, arrested for driving in violation of Vehicle and Traffic Law § 1192, after the person directly tells the physician not to take the blood specimen. You are particularly concerned to learn if the provisions of Vehicle and Traffic Law § 1194 grant immunity to the physician in such an event.
Vehicle and Traffic Law § 1194(1), as it relates to your question, provides that a person operating a motor vehicle in this State is deemed to have given his consent to a chemical test of his blood for the purpose of determining alcoholic or drug content of his blood provided such test is administered at the direction of a police officer under conditions described in Vehicle and Traffic Law § 1194(1.) (1) and (2). However, Vehicle and Traffic Law § 1194(2.) provides in relevant part:
 "If such person having been placed under arrest or after a breath test indicates the presence of alcohol in his system and having thereafter been requested to submit to such chemical test, refuses to submit to such chemical test, the test shall not be given and a report of such refusal shall be forwarded by the police officer under whose direction the test was requested to the commissioner within seventy-two hours and the commissioner shall revoke his license or permit to drive and any nonresident operating privilege * * *." (Emphasis supplied.)
Vehicle and Traffic Law § 1194(7) (b) provides in relevant part:
 "No physician * * * shall be sued or held liable for any act done or omitted in the course of withdrawing blood at the request of a police officer pursuant to this section." (Emphasis supplied.)
In the circumstances described, a motorist's advice to a physician "not to take the specimen" or that the motorist "did not consent" to its taking, the extraction of which would be necessary to perform a chemical test, would be construed as a refusal to submit to the chemical test (People v. McGroder,81 Misc.2d 1081, 1083). "The primary reason for allowing an individual to refuse to take a blood test was to avoid the unpleasant situation of forcibly taking blood from a recalcitrant donor" (People v. Paddock, 29 N.Y.2d 504, 506). The refusal, of course, invites license revocation. The taking of the motorist's blood after any such refusal would fall without the scope of immunity granted by Vehicle and Traffic Law § 1194(7) (b), for the test then would not be taken "pursuant to this section" (see Vehicle and Traffic Law § 1194[7] [b]). Its extraction may not be made with immunity, for "the test shall not be given" where the person refuses to submit to it. Relief from liability is limited to those instances in which the physician gives the chemical test in accordance with the provisions of Vehicle and Traffic Law § 1194. The courts have strictly construed and applied these provisions of the Vehicle and Traffic Law (People v. Lovejoy, 66 Misc.2d 1003, 1005; Matter ofMaines v. Tofany, 61 Misc.2d 546, 547).
Thus, I am of the opinion a physician would not enjoy the immunity from personal liability provided by Vehicle and Traffic Law § 1194(7) (b) for any act done or omitted in the course of withdrawing blood at the request of a police officer where the extraction is made after a person has refused to submit to such testing.