■ In the Matter of PATRICK J. ROGERS, Appellant, v DANIEL W. JOY, as Commissioner of the Department of Rent and Housing Maintenance, Respondent.—Judgment, Supreme Court, New York County, entered on April 4, 1977, dismissing petitioner's article 78 proceeding, which sought to vacate respondent's determination denying its application for a certificate of eviction, unanimously reversed, on the law, and vacated, without costs and without disbursements, and petition granted to the extent of remanding the matter to respondent for the issuance of a certificate of eviction. Respondent concedes that it is "fully cognizant of the rulings by the courts which state that a landlord seeking a certificate of eviction need not occupy an uncontrolled vacant apartment and thus diminish the income from his property". Such concession obviously results from the law established in an unbroken line of cases including *Matter of Campbell v Reichman* (28 NY2d 950); *Matter of Berlinrut v Leventhal* (43 AD2d 522); *Matter of Reres v Gabel* (19 AD2d 724) and *Matter of McCabe v Gabel* (22 AD2d 939). In *Matter of Berlinrut (supra)*, this court summarized the established law as follows: "The owner is not required to occupy an apartment that is not controlled and thus diminish his income from his property. The administrative inquiry into good faith should be restricted to a search for the landlord's honest

intention to gain possession for his own use [citing cases]." Nothing has been shown which would persuade us to decline to follow the cases cited above. Concur—Birns, J. P., Evans, Capozzoli and Markewich, JJ.