■ In the Matter of BELNORD HOLDING CORP. et al., Respondents, v DANIEL W. JOY, as Commissioner of the Rent Control Division of the Office of Rent and Housing Maintenance of the City of New York, Appellant.— Judgment, Supreme Court, New York County, entered July 12, 1979, granting petition in an article 78 proceeding and vacating order of respondent-appellant New York City Commissioner of Rent Control Division, which made a finding of harassment and imposed civil penalties on petitioner, is reversed, on the law, with costs, and the petition is dismissed. There was evidence in the record before the appellant that the rain leakage problem was long term; that the landlord did not provide the tenants with protection; that the landlord abused the tenants and went so far as to say to one of the rent controlled tenants that if it was so inconvenient for the tenant, why didn't the tenant move. On this evidence appellant rent commissioner made a finding that: "It is found the respondents have for a long period of time failed to deal with the recurrent and disruptive roof leak conditions which have repeatedly damaged and wetted walls and ceilings in the subject apartments and subjected the tenants to heavy flooding * * * I find the

various described work stated to have been done * * * were ineffective to relieve and abate these problems and that the ineffectual results thereof were known to them. * * * It must be assumed that the respondents' conduct mirrors their intentions, and they must be presumed to intend the natural consequences of their acts, namely a lack of care and concern of their knowing and ineffective repair and the effect on the tenants' lives. The flooding into the subject apartments has impinged upon the tenants' peaceful use and quiet enjoyment of their apartments and may reasonably be deemed to be intended to cause them to waive their rights under the Rent Law as well as force them to vacate." Questions of credibility and inferences of fact were for appellant to make. What the Court of Appeals recently said about the State Human Rights Division in its area of competence is equally applicable to the City Rent Control Division in its area of competence: "the division's expertise in evaluating discrimination claims and formulating appropriate remedies may not be lightly disregarded in view of its wide discretion, legislatively endowed, to weigh and assess the conduct of the parties and to reach conclusions based on what is fairly inferable from the facts". *(State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.,* 48 NY2d 276, 284.) On this record we are unable to say that appellant's determination was without rational basis or not based on substantial evidence. Concur—Kupferman, J. P., Birns, Silverman, Ross and Lynch, JJ.