## (January 12, 1982)

■ SALVATORE DESIDERIO et al., Appellants, v CASTLE COAL & OIL CO., INC., et al., Respondents. — Judgment, Supreme Court, Bronx County (Mercorella, J.), entered on May 8, 1980, unanimously modified, on the law and the facts, to the extent of reversing the judgment in favor of plaintiff Salvatore Desiderio and a new trial ordered on the issue of damages awarded to said plaintiff, with $75 costs and disbursements of this appeal to abide the event, and said judgment is otherwise affirmed, unless defendants, within 20 days after service upon them, of a copy of the order herein, with notice of entry, serve and file in the office of the clerk of the trial court a written stipulation consenting to increase the award to said plaintiff to $75,000 and to the entry of an amended judgment in accordance therewith. If defendants so stipulate, the judgment, as so amended and increased, is affirmed, without costs and without disbursements. After review of the record, the damages appear to us to be inadequate to the extent indicated. CONCUR — MURPHY, P. J., KUPFERMAN, SANDLER, LUPIANO AND BLOOM, JJ.

■ In the Matter of JACOB FINKELSTEIN, Respondent, v ANTHONY GLIEDMAN, as Commissioner of the Department of Housing Preservation and Development, et al., Appellants. — Judgment, Supreme Court, New York County (Gammerman, J.), entered July 24, 1980, granting the petition to annul the administrative determination, dated September 10, 1979, as against petitioner Finkelstein, unanimously reversed, on the law, petition dismissed and administrative determination reinstated, with costs. The record contains substantial evidence to support the hearing officer's determination, as set forth in paragraph 6 of his findings, that petitioner Finkelstein is also individually responsible for the unchallenged violations found under subdivisions a and d of section Y51-10.0 of the Administrative Code of the City of New York (*Matter of Belnord Holding Corp. v Joy*, 73 AD2d 549, affd 52 NY2d 945). Based upon the detailed evidence recounted in his determination, the hearing officer reasonably reached the following conclusions: "It may reasonably be said the actor herein, Finklestein [*sic*], was not a corporate officer caught up in an economic dilemma and unable to extricate himself from the effects thereof. Rather, he was, and may still be, the mastermind and principal of a grand scheme, gone awry, by creating the fiction of an alleged lack of association with the activities surrounding the management of the premises by staging Windham, as his alter ego, as the alleged lessor and operator thereof * * * The corporate veil, and the alleged lessor/lessee relationship by Herfin to Windham, fall by the weight of the credible evidence indicating a principal, Finklestein [*sic*], masquerading in various offices or non-offices with his patent shill, Windham, performing the day to day acts of financially raping the subject premises and in the process violating the Rent Law in grand style as more fully discussed and described above in these findings." Accordingly, we reverse and reinstate the administrative determination. Concur — Murphy, P. J., Birns, Sullivan, Lupiano and Bloom, JJ.