■ T. Donald J. White et al., Respondents, v Daniel W. Joy, Appellant. — Order of the Supreme Court, New York County (Edward Greenfield, J.), entered on February 2, 1983, which granted the petitioners' application for an order directing that respondent commissioner of rent commission deliver a copy of a "return" of the administrative proceeding to petitioners' counsel on or before a specified date, is reversed, on the law, without costs or disbursements, the application for a "return" denied, and the matter remanded for further proceedings. While no appeal as of right lies in this matter, and permission therefor has not been requested, this court deems fit *sua sponte* to grant leave to appeal. The instant proceeding pursuant to CPLR article 78 was instituted by petitioners landlord challenging an administrative determination by respondent rent commissioner that the landlord had engaged in harassment against a certain tenant and imposing civil penalties. Petitioners subsequently applied for, and were granted, an order directing that respondent serve them with a copy of the "return" of the administrative hearing, involving some eight sessions and an apparently voluminous record. In opposition, the commissioner cites chapter 21 (§ 1, subd 8) of the Laws of 1962 and section Y51-9.0 (subd a, par [1]) of the Administrative Code of the City of New York, both of which expressly authorize the city rent agency to proceed on the original record and file with the court the original or a transcript of such portions of the administrative proceedings as are material under the petition. (See, also, *Matter of Reres v Gabel,* 19 AD2d 724.) Respondent correctly contends that in the interest of economic manageability of agency reviews, a copy of a "return" is never required to be reproduced in rent proceedings which are subject to judicial review. In that connection, the agency has been statutorily relieved of the burden and expense of furnishing opposing parties with a copy of the record. Moreover, the documents, data and hearing transcript which compose the "return" are available for inspection and duplication by petitioners or counsel, or both. Consequently, Special Term improperly directed that respondent supply petitioners with a copy of the "return". Concur — Ross, J. P., Carro, Asch, Milonas and Kassal, JJ.