■ In the Matter of FEE PLAN, INC., Doing Business as ROCK TERRACE PARK, Petitioner, v DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination and order of the respondent Henry G. Williams, the Commissioner of the New York State Department of Environmental Conservation, dated August 17, 1984, which, after a hearing, ordered that the petitioner submit a proposal for remedial action to repair and/or replace its wastewater treatment system and that the petitioner be assessed a civil penalty of $15,000, of which $10,000 would be suspended upon condition that it comply with the terms of the determination and order.

Determination and order confirmed and proceeding dismissed on the merits, with costs.

A review of the record demonstrates that the hearing was fair and that the determination and order under review is supported by substantial evidence. The Administrative Law

Judge clearly had the power to limit the petitioner's cross-examination of witnesses in order to avoid filling the record with irrelevant or unduly repetitious evidence *(see,* State Administrative Procedure Act § 306 [1]). As to the admission of a report prepared by one of the respondents' employees which contained a hearsay statement made by an anonymous informant, it is well settled that the technical rules of evidence need not be adhered to at an administrative hearing *(cf. Matter of Maxfield v Tofany,* 34 AD2d 869). In any event, the Administrative Law Judge did not rely upon this statement in reaching his conclusions and therefore the outcome of the proceeding was not affected by this alleged error.

We do not find that the penalty assessed by the respondent commissioner was, under the circumstances, so disproportionate to the offenses as to shock one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.