■ In the Matter of MARTIN E. SEGAL et al., Appellants, v PETER BLISS et al., Constituting the North Salem Planning

Board, et al., Respondents. PEARL-ELLEN GORDON, Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondents, dated November 17, 1986, issuing a wetlands permit to the intervenor, the petitioners appeal from a judgment of the Supreme Court, Westchester County, (Nicolai, J.), dated June 15, 1987, which granted the intervenor's motion to dismiss the petition.

Ordered that the judgment is affirmed, with costs to the intervenor.

The petitioners contend that the North Salem Planning Board (hereinafter the Board) failed to comply with the substantive and procedural requirements of the State Environmental Quality Review Act (ECL art 8 [SEQRA]), in issuing a wetlands permit to the intervenor. The record, however, reveals that the Board "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for [its] determination" *(Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 363-364; quoting from *H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222, 232; *Aldrich v Pattison,* 107 AD2d 258, 261). In this regard, the Board's conditional negative declaration was rendered after thoroughly investigating all of the environmental problems with the proposed activity and the wetlands permit was granted as a proper exercise of discretion *(see, Chinese Staff & Workers Assn. v City of New York, supra,* at 364; *Matter of Cohalan v Carey,* 88 AD2d 77, 79, *lv dismissed* 57 NY2d 672). Thus, the Supreme Court correctly dismissed the instant petition.

We have examined the petitioner's remaining contentions and find them to be without merit. Mollen, P. J., Kunzeman, Rubin and Balletta, JJ., concur.