■ In the Matter of Frank Sipos et al., Appellants, v Manuel Mirabel, as Deputy Commissioner of the New York

State Division of Housing and Community Renewal, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Deputy Commissioner of the New York State Division of Housing and Community Renewal, dated June 4, 1986, which, after a hearing, found the petitioner landlords guilty of harassment of their tenant and imposed a fine of $8,650, the petitioners appeal (1) from a judgment of the Supreme Court, Queens County (Santucci, J.), dated March 24, 1988, which affirmed the findings of the respondent and dismissed the petition and, (2), as limited by their brief, from so much of an order of the same court, dated August 15, 1988, as, upon renewal and reargument, adhered to the original determination.

Ordered that the appeal from the judgment is dismissed, as it was superseded by the order made upon renewal and reargument; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

It is well settled that judicial review of an administrative determination is limited and that the determination should be upheld if supported by a rational basis (see, Matter of Fazio v Joy, 58 NY2d 674; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Matter of Breger v Macri, 34 NY2d 727; Matter of Colton v Berman, 21 NY2d 322). Issues of credibility are for the agency to determine (see, Matter of Belnord Holding Corp. v Joy, 73 AD2d 549, affd 52 NY2d 945) and, in an administrative proceeding, the strict rules of evidence are not applicable (see, Matter of Fee Plan v Department of Envtl. Conservation, 118 AD2d 855).

Based upon a review of the transcripts of the administrative hearing, we find that there was clearly a rational basis to support the respondent's determination. There was ample testimony as to the lack of heat, hot water and gas services and as to the presence of insect infestation and generally filthy conditions. Furthermore, in light of the serious and persistent nature of the violations, it cannot be said that the financial penalty was excessive.

The petitioners' claim that the determination should have been annulled based upon the respondent's failure to furnish them with transcripts of the final portions of the hearing is without merit. The respondent filed a return which contained the bulk of the testimony of the hearing. Certain testimony was not initially provided because the respondent was unable

to locate the recordings. However, as soon as the respondent found the tapes, transcriptions were made and forwarded to ·the court one month before a decision was rendered. We note that the respondent was not under any duty to furnish copies to the petitioners *(see, White v Joy,* 95 AD2d 757; *Matter of Reres v Gabel,* 19 AD2d 724). Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.