■ In the Matter of LONG ISLAND WATER CORPORATION, Petitioner, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Environmental Conservation, dated March 8, 1988, which, after a hearing, *inter alia,* determined that the petitioner was limited to 11,015 million gallons of groundwater pumpage annually and an average yearly pumpage of 10,618 million gallons over the five-year period from 1988 through 1992, inclusive, due to groundwater aquifer depletion.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

It is well established that judicial review of an administrative determination is limited and that the determination should be upheld if supported by a rational basis *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Breger v Macri,* 34 NY2d 727; *Matter of Moorehead v Langloh,* 146 AD2d 777; *Matter of Segal v Bliss,* 137 AD2d 820; *Town of Hempstead v Flacke,* 82 AD2d 183). Issues of credibility are for the agency to determine *(see, Matter of Sport & Fun v Ratner,* 82 AD2d 890; *Matter of Belnord Holding Corp. v Joy,* 73 AD2d 549, *affd* 52 NY2d 945) and, in an administrative proceeding, strict rules of evidence are inapplicable *(see, Matter of Sowa v Looney,* 23 NY2d 329; *Matter of Fee Plan v Department of Envtl. Conservation,* 118 AD2d 855). Our review of the hearing and evidence adduced therein, satisfies us that the determination of the Commissioner was supported by substantial evidence, had a rational basis, and should not be annulled.

We have examined the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.