■ In the Matter of ROBERT SCULLY et al., Appellants, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, Respondent. [616 NYS2d 204] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Environmental Conservation, dated May 6, 1992, which, after a hearing, *inter alia,* found the petitioners in violation of ECL articles 15 and 25, and assessed a civil penalty of $15,000, the petitioners appeal from a judgment of the Supreme Court, Nassau County (McCaffrey, J.), entered April 8, 1993, which dismissed the proceeding and awarded the Commissioner judgment on his counterclaim in the principal sum of $15,000.

Ordered that the judgment is affirmed, with costs.

The Commissioner's determination that the petitioner violated ECL articles 15 and 25 was supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Long Is. Water Corp. v Jorling,* 157 AD2d 729). The petitioners' contention that the determination must be set aside because the New York State Department of Environmental Conservation (hereinafter DEC) incorrectly identified the address of the violation is without merit. The record reveals that the petitioner was present at the site and spoke with a DEC representative on the date of the violation. Thus, the petitioner was aware of the correct site and was not prejudiced by the error. Further, the penalty imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Thompson, J. P., Balletta, Krausman and Florio, JJ., concur.