■ In the Matter of JOHN MAURO et al., Petitioners, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [765 NYS2d 868] —Determination of respondent Division of Housing and Community Renewal (DHCR), dated May 21, 2002, which denied petitioner landlords' application to terminate a finding of harassment dated September 14, 1995, found that petitioners committed additional acts of harassment, and assessed civil penalties totaling $9,200, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Rosalyn Richter, J.], entered April 10, 2003) dismissed, without costs.

Respondent's determination was supported by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-182 [1978]). It was up to the agency

to weigh the evidence and resolve issues of credibility (*see e.g.* *Matter of Stork Rest. v Boland*, 282 NY 256 [1940]). Petitioners failed to show, by convincing evidence, that the conditions of harassment which led to the September 1995 order no longer existed (*Matter of Meko Holding v Joy*, 107 AD2d 278, 282 [1985], *appeal dismissed* 65 NY2d 923 [1985]).

Verbal abuse and intimidation can constitute harassment (*see Matter of Hartman v New York State Div. of Hous. & Community Renewal*, 158 AD2d 330 [1990], *lv denied* 76 NY2d 705 [1990]; *Matter of Belnord Holding Corp. v Joy*, 73 AD2d 549 [1979], *affd* 52 NY2d 945 [1981]) and petitioner John Mauro had no constitutional right to abuse his tenants verbally (*Chaplinsky v New Hampshire*, 315 US 568, 571-572 [1942]).

Contrary to petitioners' contention, the harassment finding relating to apartment 4R was not based solely on verbal abuse of Richard Ramos. Calli Lerner, the tenant of record, testified that Mr. Mauro "would * * * call us [i.e., both Lerner and Ramos] liars and con artists." Moreover, since Ramos was Lerner's boyfriend and roommate, it was reasonable to conclude that Mr. Mauro's attacks on Ramos would disturb the peace and repose of the tenant of record (Rent Stabilization Code [9 NYCRR] § 2525.5).

DHCR was entitled to consider petitioners' application in conjunction with charges raised by the Enforcement Unit (NY City Rent and Eviction Regulations [9 NYCRR] §§ 2207.2, 2207.5, 2207.6; Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [f]; Rent Stabilization Code §§ 2526.4, 2527.5). We reject petitioners' due process claim; they were given detailed notice of the charges against them in the notice of hearing.

To the extent petitioners assert a Takings Clause claim, it is unavailing (*see Pennell v City of San Jose*, 485 US 1, 12 n 6 [1988]).

Finally, the record provides no support for petitioners' allegation that DHCR was biased against them. Concur—Sullivan, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.