Bubke, J.
This appeal principally relates to the admissibility of the results of a blood test in a prosecution for a violation of the Vehicle and Traffic Law.
The County Court has reversed a conviction of the defendant resting upon a jury finding that the defendant was operating a motor vehicle while in an intoxicated condition. The County Court believed that the results of a blood test were improperly admitted into evidence against him because the witness who made the test was not qualified to testify as an expert and there was a possibility that the fluid examined was not blood or that, if it was blood, it may have contained part of an alcoholic antiseptic agent the doctor may have used.
We think that, since a proper chain of identification linking the defendant with the unadulterated fluid which was examined by a qualified person was established, the results of the blood test- were competent evidence and thereby properly admitted into evidence by the trial court. Defendant’s other contentions concerning the rulings of the trial court and the supplementary reasons given by the County Court for reversal are without merit.
The doctor who took the blood sample testified that he asked the nurse to furnish him with a nonalcoholic solution with which to sterilize defendant’s arm. Although he could not swear that she did so, he assumed that she did since he was not conscious of an alcoholic odor when the solution was used by him. The sample was then placed in a vial, sealed and placed in a container for mailing. A State Trooper took the container home with him when he went off duty, locking it in a strongbox to which he alone had a key. The next day, the sample was mailed to the State Police Laboratory in Albany by certified mail. At the laboratory, the sample was tested by a college graduate, a major in chemistry with two years’ graduate work in biochemistry, employed by the State as a chemist for some ten years. It was found to contain .02% alcohol over that required as prima facie evidence that defendant was in an intoxicated condition.
*11 Since there was ample proof that the liquid tested at the laboratory was the same as that taken from the arm of the defendant, it was not necessary to conduct an additional test to ascertain whether the sample was blood as suggested by the County Court. Moreover the doctor’s testimony was sufficiently positive to allow the jury to find that a nonalcoholic preparation was used. The State Trooper’s testimony indicates that the specimen was not accessible to persons not called as witnesses, hence there was no possibility that it had been tampered with.
As the order of the County Court does not state whether the determination is based on the law or the facts as required by section 543-a of the Code of Criminal Procedure, the order appealed from is reversed and the ease remitted to the County Court, Suffolk County, for a determination of the questions of fact raised in that court (Code Crim. Pro., § 543-b).
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Scileppi and Bergan concur.
Order reversed, etc.