■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BASILE MIGNEAULT, Appellant.— HERLIHY, J. Defendant appeals from a judgment of conviction of driving while intoxicated, as a felony (Vehicle and Traffic Law, § 1192). The defendant did not testify and the court charged in part: "'Neither can you draw inference of guilt from the defendant's failure to take the witness stand. He may testify in his own behalf, but he has no obligation to so do. You must not draw any inference of guilt from his failure to do so, but he has the opportunity to offer proof he was not intoxicated. The defendant, in this case failed to use that opportunity to explain his condition. You may draw an inference of fact from that state of affairs,' that he was intoxicated is one element of the crime of which you must be satisfied, beyond a reasonable doubt in order to render a verdict of guilty." On this appeal, the District Attorney in his brief candidly stated that he could find no authority to support the charge by the court and that "The authorities seem to hold that any statement of a Trial Judge in his charge to the jury, which tends to deprive the defendant of the full protection of § 393 of the Code of Criminal Procedure, is reversible error [citations]". We do not agree with the contention that the charge, as a whole, is sufficient to overcome the error of law. The defendant alleges failure of proof that he was driving the automobile while intoxicated. The facts in the record established sufficient circumstantial evidence to supply the additional proof required by section 395 of the Code of Criminal Procedure. The request made by the defendant to charge as to intoxication was correct and should be included in the main charge in the event of a new trial. Judgment reversed, on the law and the facts, and a new trial ordered. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.

■ MILDRED E. SALVIONE et al., Appellants, v. RALPH ESPOSITO, Respondent.— MEMORANDUM BY THE COURT. Judgment affirmed, with costs. It was not error for the trial court to charge section 1173 of the Vehicle and Traffic Law. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT WILLIAM FOWLER, Appellant.— Order affirmed. (*People* v. *Fink,* 8 A D 2d 859, cert. den. 361 U. S. 920; *People* v. *Fink,* 20 A D 2d 935, affd. 15 N Y 2d 679.) Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ In the Matter of the Claim of ANNE SALM, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal from a decision of the Unemployment Insurance Appeal Board which found claimant disqualified for benefits "because of voluntary leaving of employment to follow her spouse to another locality". (See Labor Law, § 593, subd. 1, par. [b].) Appellant points to supposed factual disparities as between the record and the decision; but on a particular interstate claim form, signed and certifid by her, she stated that she informed her employer that she was quitting for the reason that she was moving to California, and that her son, living in California, suggested that she and her husband, who had been discharged from his job, "move here for better job prospects"; on another such form she stated that she came to California to join her husband and intended to stay permanently; and the record discloses that similar statements were made by her to her employer and to a representative of the California department concerned. Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.