William W. Sebra, J.
This is an appeal from a conviction for driving while intoxicated upon a verdict of guilty found by a jury in the town Justice Court of the Town of Genesee. Prior to the trial, a ‘ ‘ Huntley ’ ’ hearing was held pursuant to section 813-g of the Code of Criminal Procedure. The testimony adduced showed that after the advice of rights, the arresting officer questioned the defendant in some detail without the consent of the defendant or his attorney with whom both the defendant and the officer had talked on the telephone. The Justice erroneously ruled such testimony admissible. (Miranda v. Arizona, 384 U. S. 436). Despite this, however, on the trial of the action the only direct evidence of such conversations presented to the jury was contained in a physical condition report admitted in evidence at the suggestion of the defendant’s attorney and with his express consent. The defendant, by counsel, having waived objection to such admission of evidence cannot now complain.
The testimony of the doctor as to his standard procedure for taking blood samples in the absence of clear recollection of details was admitted, properly, on his failure of exact recollection of the occasion but on assurance that his usual procedure was followed and explained in detail. (Matter of Kellum, 52 N. Y. 517; People v. Mavis, 5 Misc 2d 943.) A discrepancy in dates on the label of the blood sample in evidence is claimed to require reversal. The trooper was cross-examined on this and defense counsel pointed it out at length in summation. This raises an issue of credibility only and the jury were at liberty to ignore the variance in testimony if determined by them to be inconsequential or inadvertent error.
The blood sample was taken, apparently, a little more than two hours after the accident, after which the defendant did not drive the car. This does not constitute error as it was taken less than two hours after arrest. Subdivision 4 of section 1192 of the Vehicle and Traffic Law states in part: “ the court may admit evidence of the amount of alcohol in the defendant’s blood taken within two hours of the time of the arrest ”.
In describing the procedures he followed in connection with the arrest, the officer was permitted to testify over repeated objections concerning the content of the rules and regulations of the New York State Police governing the taking of blood samples. The officer at first stated he did not know the regulations. He then stated he knew the substance of the three or four regulations he was going to testify about which are part of a four-volume, thirteen-or fourteen-hundred-page manual. After stating the regulations, he was asked:
*246 “ Q. Is this the substance of the rules? A. That is the substance of what I recall of it, yes.”
The actual regulations, copies of which are to be found in books kept in his locker at the police station, were not produced on the trial. The District Attorney argues this is a minor and collateral matter, that the best evidence rule does not apply. These rules and regulations are not a part of the Official Compilation of Codes, Rules and Regulations, a further objection of the defense. The Court of Appeals has ruled that police rules and regulations under section 1194 of the Vehicle and Traffic Law are not required to be filed in the Department of State. (People v. Fogerty, 18 N Y 2d 664.) Such rules may, however, be readily proved although not filed by judicial notice under CPLR 4511 (subd. [b]), or in any other manner authorized by the rules of evidence. In subdivision 1 of section 1194 of the Vehicle and Traffic Law, the Legislature has included the proof of rules and regulations of the police department as to procedures as an element of the proof if the chemical tests are to be admitted in evidence for the purpose of removing “ constitutional questions.” (Governor’s Memorandum to chapter 320, Laws of 1954; N. Y. Legis. Annual, 1954, p. 391.) Upon the failure of the People to prove the rules and regulations by valid evidence, the conviction, based in part upon the evidence of the chemical tests, must be reversed. (People v. McFarren, 28 Misc 2d 320; People v. Maxwell, 18 Misc 2d 1004.)
It appears from an examination of the trial record that substantial evidence exists that the defendant was guilty of driving while intoxicated, outside of the chemical tests, (which may or may not be admissible upon a retrial), and that such other evidence may be adequate basis upon a redetermination of facts by the jury to sustain a conviction. The conviction is therefore reversed upon the law and remanded to the town Justice of the Town of Genesee for a new trial.