Bruce Gr. Deaw, J.
Defendant moves for a certificate pursuant to the provisions of section 57 of the Code of Criminal Procedure that it is reasonable that the charge herein he prosecuted by indictment. Application is granted.
*1004 Defendant was arrested on December 12, 1970, and charged with a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law, driving while intoxicated.
It appears that defendant consented to a blood alcohol test following the arrest. Defendant was taken to the Tompkins County Hospital where a physician, at the time of their arrival, was not available to take the blood, and it is claimed by defendant that the blood sample was not taken within two hours of the time of arrest. There appears to be some confusion in that neither the hospital nor the arresting officer have any recollection or record of the name of the physician taking the blood or the time the blood was taken, and that the physician who took the blood, as determined by defendant through independent investigation, also has no record or recollection of the time the blood was taken.
The defendant has the burden to establish that it is reasonable and necessary that the crime charged be prosecuted by indictment, and that the necessary criteria are present, including the existence of a property right of defendant. (People v. Rosenberg, 59 Misc. 342.) The mandatory revocation of an operator’s license, following conviction under subdivision 2 of section 1192 of the Vehicle and Traffic Law, establishes the existence of a property right in the instant case, but this factor, standing alone, is insufficient to warrant transfer to the Grand Jury where a jury trial is available without transfer. (People v. Stein, 236 N. Y. S. 2d 703.) The Legislature has directed trial of misdemeanors in Special Sessions and, therefore, it is the position of this court that the discretion, in favor of an applicant, should be exercised under section 57 of the Code of Criminal Procedure only where there are unusual circumstances or issues, notwithstanding that the Court of Appeals has held that the duty of the court to advise a defendant of his right to an adjournment, for the purpose of securing a certificate, is mandatory and not merely directory (People v. Haskell, 9 N Y 2d 729).
There are certainly unusual issues here which may present difficult questions of both law and fact on whether the result of the blood alcohol test is admissible in evidence on the trial to prove or disprove the alleged guilt of defendant. A court of Special Sessions should not be required to resolve these issues. Perhaps the confusion surrounding the taking of the blood sample should be considered by a Grand Jury before the defendant is required to stand trial.
There is a further point of law involving the construction of subdivision 2 of section 1194 of the Vehicle and Traffic Law, and which may involve due process.
*1005 The statute, being penal in character, must be strictly construed. (People v. Pardee, 202 Misc. 238, affd. 282 App. Div. 735, affd. 306 N. Y. 660.) The admission in evidence of the results of the blood test is statutory and must be strictly complied with. (People v. Ashby, 31 Misc 2d 707.) Subdivision 2 of section 1194 of the Vehicle and Traffic Law, provides as follows : ‘ ‘ Upon request of the person who was tested, the results of such test shall be made available to him ”. Subdivision 3 of section 1192 relates to the admission of evidence of the amount of alcohol in the defendant’s blood taken within two hours of the time of the arrest. This time element in the statute qualifies the results of the test for admission in evidence. (Matter of Donahue v. Tofany, 33 A D 2d 590.) It relates to quality and content of the blood sample and may be determined to be as much a part of the result of the test as the actual measurement of the alcohol content of the blood. This statute is subject to a liberal construction in favor of the defendant. In People v. Burton (47 Misc 2d 1077) it was held that once a defendant’s blood has been extracted for a blood test, the test must be made and the results made available to him even if a plea of guilty before the test is actually made.
In People v. McAnarney (28 Misc 2d 778) it was held that destruction of the blood sample was a destruction of evidence which raised the question of whether the defendant was being afforded due process as a matter of law. “ A license to operate an automobile is of tremendous value to the individual and may not be taken away except by due process. ’’ (Matter of Wignall v. Fletcher, 303 N. Y. 435, 441.) Failure to provide defendant with the time element of the test may also raise the question of due process. • It can also question police procedures for such tests under subdivision 1 of section 1194 of the Vehicle and Traffic Law. (People v. Monahan, 56 Misc 2d 244.)
Without deciding any of the above issues, it is the opinion of the court that there may be questions, which should be decided by a higher court, including the question whether the time of taking the blood sample is an essential matter as part of the result of the test under subdivision 2 of section 1194 of the Vehicle and Traffic Law. Application granted. Submit certificate.