Howard Berler, J.
This is an application made by the defendant to set aside the verdict of the jury as being contrary to law.
The defendant is charged pursuant to an information sworn to on May 29, 1973 with the crime of1 driving while intoxicated contrary to subdivision 3 of section 1192 of the Vehicle and Traffic Law and arraigned on the same date. No other subdivision is alleged pursuant to section 1192 in said information. The trial pursuant to said information was commenced September 12, 1973 and the People proceeded to prove subdivision 2 (.10 of blood alcohol) and subdivision 3 of section 1192. It is to again be noted that neither subdivision 2 nor the facts necessary to constitute the crime pursuant to subdivision 2 of section 1192 are alleged in said information. At the end of the People’s case the defendant reserved his right to make all motions at the conclusion of the case. The defendant himself was the only witness to testify in behalf of the defense, and at the conclusion of his testimony the defendant rested.
*447 Thereafter the defendant moved:
1. To dismiss for the People’s failure to prove their case beyond a reasonable doubt as a matter of law. Said application was denied by the court.
2. To dismiss the information for failure of People to make out a prima facie case. Said application also was denied by the court.
3. To strike all testimony with respect to subdivision 2 of section 1192, the evidence of a breathalyzer test and the results théreof (.24 of one percentum or more by weight of alcohol in defendant’s blood) on the grounds that subdivision 2 of section 1192 was never charged in the information. The People contend that .such inclusion is not necessary by virtue of section 1196 of the Vehicle and Traffic Law. The court reserved decision on said application and proceeded with the charge.
The court charged the language of section 1196, advising the jury that they may find the defendant guilty of subdivisions 1, 2 or 3 of section 1192 or not guilty of any charge.
After the charge was completed the defendant took exception to the charge with all respects mentioned in connection with subdivision 2 of section 1192 again on the grounds that the information contained no charge or facts with respect to subdivision 2. The People contended such was unnecessary as a result of section 1196. The court reserved decision. The jury thereafter commenced deliberation, and during said period requested the court to enumerate in writing the four possible verdicts. The court complied with said request,'and prior to its submission to the Jury, presented same to both counsel for examination. The People indicated no objection. The defendant renewed his objection and exception to the possible verdicts enumerated on said writing as, u No. 2, guilty of operating a motor vehicle while defendant had .10 of one percentum or more by weight of alcohol in his blood pursuant to Section 1192, Subd. 2 of the V & T Law ’ ’. This court again reserved decision and submitted the writing enumerating the four possible verdicts to the jury. After approximately three hours of deliberation in total the defendant was found guilty on September 14, 1973 of operating a motor vehicle while defendant had .10 of one percentum or more by weight of alcohol in his blood pursuant to subdivision 2 of section 1192 of the Vehicle and Traffic Law.
After the jury was discharged the defendant moved to set aside the verdict as contrary to law on the grounds previously mentioned. The People again submitted that the verdict was *448 proper by virtue of section 1196. This court reserved decision and acceded to the request of counsel to file memorandum of law on or before September 24, 1973.
Subdivision 2 of section 1192 of the Vehicle and Traffic Law and subdivision 3 of section 1192 of the Vehicle and Traffic Law are each separate charges constituting separate crimes (People v. McDonough, 39 A D 2d 188; People v. Rudd, 41 A D 2d 875). Subdivision 3 requires proof of facts constituting recognized characteristics and symptoms of intoxication and very often the nature of the operation by the defendant of the vehicle being operated (generally in. an erratic manner) in order to give rise to a conclusion of intoxication. Subdivision 2 merely requires a certain percentage of weight of alcohol in the defendant’s blood as shown by a chemical analysis of his blood, breath or saliva in order to give rise to the commission of the crime. It may be noted that under the existing law, subdivision 2 of section 1195 of the Vehicle and Traffic Law there is no chemical evidence references, presumptions, prima facie effects or otherwise with respect to a person being intoxicated (Vehicle and Traffic Law, § 1192, subd. 3) but only with respect to a person being impaired (Vehicle and Traffic Law, § 1192, subd. 1).
CPL 1.20 (subd. 9) provides, “ ‘ Arraignment ’ means the occasion upon which a defendant against whom an accusatory instrument has been filed appears before the court in which the criminal action is pending for the purpose of having such court acquire and exercise control over his person with respect to such accusatory instrument and of setting the course of further proceedings in the action.”
CPL 170.10 (subd. 2) provides “ Upon any arraignment at which the defendant is personally present, the court must immediately inform him, or cause him to be informed in its presence, of the charge or charges against him and must furnish him with a copy of the accusatory instrument.”
Obviously the defendant was never advised that he was charged with .subdivision 2 of section 1192 of the Vehicle and Traffic Law as required by CPL 170.10 (subd. 2) or the facts giving rise to such charge as required by CPL 170.35 (subd. 1, par. [a]) and CPL 100.40 which provides the information defective if the allegations of the factual part of the offense committed are not specified or did the court acquire jurisdiction over the defendant with respect to subdivision 2 of section 1192 of the Vehicle and Traffic Law as provided by subdivision 9 of CPL 1.20 since the information or accusatory instrument *449 did not contain the crime specified in subdivision 2 of section 1192 or the facts giving rise thereto.
There is no reason why in the instant action subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law and the necessary factual allegations were not included in the accusatory instrument since all the necessary information was available at the time same was prepared. However, this court can visualize situations which would delay the necessary factual allegations to support a simultaneous charge of subdivision 2 with subdivision 3 of section 1192. (Example — direct urine or blood tests which require additional time for the necessary chemical analysis.) The People’s remedy in such an instance is two fold.
1. Immediately file an information charging subdivision 3 of section 1192. When the necessary additional factual allegations become available to support subdivision 2 a second information may be filed charging subdivision 2 of section 1192 and thereafter an application can be made to consolidate both informations pursuant to OPL 200.20 (subd. 4) and CPL 100.45. Under such circumstances the court should have no difficulty in exercising its discretion in granting said application as provided in CPL 200.20 (subd. 5).
2. Immediately filing a misdemeanor complaint charging violation of both subdivisions 2 and 3 of section 1192. CPL 100.05 (subd. 4) and then subsequently filing a supporting deposition supplying the necessary factual allegations to support the charge of subdivision 2 of section 1192 (CPL 170.65, subds. 1, 2).
Incidentally it may be stated that subdivision 1 of section 1192 need not be included in the information in that same would be a lesser included charge (CPL 360.50).
Section 1196 provides a driver may be convicted of a violation of subdivisions 1, 2 or 3 of section 1192, notwithstanding that the charge laid before the court alleged violation of subdivisions 2 or 3 of section 1192, and regardless of whether or not such conviction is based on a plea of guilty.
There is a presumption in favor of the constitutionality of a legislative enactment (Wiggins v. Town of Somers, 4 N Y 2d 215). The presumption is a strong one (Matter of Hotel Assn. of New York City v. Weaver, 3 N Y 2d 206). Every act of the Legislature is presumed to be in harmony with the Constitution unless the contrary clearly appears (Matter of McAneny v. Board of Estimate & Apportionment, 232 N. Y. 377). In construing a statute, the courts must start out with the presump *450 tion that it is constitutional and valid (Matter of Stubbe v. Adamson, 220 N. Y. 459) and that every presumption and intendment is to be indulged in favor of the validity of a statute. The courts must give the force of law to an act of the Legislature whenever it can be fairly so construed and applied as to avoid conflict with the Constitution (Bohmer v. Haffen, 161 N. Y. 390).
Therefore, section 1196 providing for conviction of subdivisions 2 or 3 of section 1192 of the Vehicle and Traffic Law notwithstanding the charge laid before the court alleges violation of subdivision 3 is construed by this court to require the information filed by the court to allege violation Nos. 2 and 3 in that it is this court’s opinion that subdivisions 2 and 3 are two separate and distinct crimes requiring proof of' different elements in order to sustain a conviction of either or both.
Any other construction would violate the Sixth Amendment of the United States Constitution “ In all criminal prosecutions, the accused shall * * * be informed of the nature and cause of the accusation ’ ’ and section 6 of article I of the New York State Constitution “ and in any trial in any court whatever the party accused shall * * * be informed of the nature and cause of the accusation ’ ’.
In the light of the foregoing it might be wise for the Legislature to consider rephrasing. section 1196 of the Vehicle and Traffic Law.
Accordingly, defendant’s application to set aside the jury verdict is granted and the complaint is dismissed.