Donald J. Mask, J.
This is an application pursuant to CPL 170.25 to remove charges of reckless endangerment, second degree, and endangering the welfare of a child, both Class A misdemeanors, from the Town Court of Crates to County Court.
The defendant, a 58-year-old man, has been accused of driving his power lawn mower over an 8-year-old complainant’s foot, cutting his sneaker and causing substantial risk of serious physical injury. The witnesses to this alleged incident, which occurred on October 14,1973, are a 9-year-old child, two 8-year-old children and a 7-year-old child. On October 16, 1973, an article describing this alleged event appeared in a newspaper which is distributed county-wide.
The defendant contends that there are complicated issues of law to be resolved relative to the determination of the testimonial capacity of a child under 12 years of age and the sufficiency of corroboration in the event the testimony of all of the witnesses be unsworn. He also claims that because of the newspaper publicity referred to above, he cannot receive a fair trial in the Town Court.
CPL 170.25 is derived from section 57 of the Code of Criminal Procedure (Practice Commentary, McKinney’s Cons. Laws of N". Y., Book 11A, § 170.25). The latter section provided for divestiture if it was reasonable that the charge pending before the Magistrate be prosecuted by indictment.
In People v. Prisco (68 Misc 2d 493, 495), “ reasonable ” was defined as just, proper, fair and equitable, and the court stated that although each case must be decided in light of its own special facts, the generally accepted criteria were as follows:
“ (1) That the case presents intricate and complicated questions of fact, rendering a jury trial proper. (2) That it presents *399 difficult questions of law. (3) That a property right is involved. (4) That a decision may be far-reaching in its effect, and will become a precedent which will regulate a matter of general interest. (5) The case is of exceptional character and that the defendants, for some special reason, cannot have a fair trial in the lower court. ” .
The first criterion is academic, since the defendant is entitled to a jury trial in the Town Court (CPL 340.40, subd. 2). The third criterion is inapplicable, since no property right of the defendant is in jeopardy (People v. McAnarney, 28 Misc 2d 778). The fifth criterion is equally unavailing since one newspaper article approximately two and one-half months ago would not deprive the defendant of a fair trial in the local criminal court (People v. Prisco, 68 Misc 2d 493, supra).
Since People v. Rosenberg (59 Misc. 342), the stature of the lower courts has been vastly improved, so that no decision can be found in which the lower courts were not held sufficiently qualified to handle legal questions (People v. Prisco, supra). Thus, the Town Court here is capable of determining the testimonial capacity of the young witnesses involved in this case.
However, in a given case a legal question of such magnitude could surface that it would be only proper that a lower criminal court not be required to resolve it (People v. Lovejoy, 66 Misc 2d 1003). Such is the situation here where the issue of the sufficiency of corroboration in the event the testimony of all the witnesses in this case be without oath might have to be determined.
Subdivisions 2 and 3 of CPL 60.20 provide as follows: “ 2. Every witness more than twelve years old may testify only under oath. A child less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of an oath. If the court is not satisfied, such child may nevertheless be permitted to give unsworn evidence if the court is satisfied that he possesses sufficient intelligence and capacity to justify the reception thereof.
“ 3. A defendant may not be convicted of an offense solely upon the unsworn evidence of a child less than twelve years old, given pursuant to subdivision two. ’ ’
There is ample case law in Hew York for the proposition that the unsworn testimony of one infant victim cannot be used to support the unsworn testimony of the other infant victim (People v. Nolan, 2 A D 2d 144; People v. Masiano, 253 App. Div. 454; People v. Norris, 28 Misc 2d 705). Such is not the case here where there is one victim and four witnesses, all of whom might possibly present unsworn testimony. It may ulti *400 mately have to be decided whether or not the unsworn testimony of a nonvictim witness or witnesses can provide the necessary corroboration.
In People v. Lovejoy (66 Misc 2d 1003, supra), the charge of driving while intoxicated was removed to County Court where there was confusion over when and by whom the defendant’s blood sample was taken. It was held there were unusual issues involving the admissibility of the blood test, that a court of special sessions should not be required to resolve these issues and the grand jury should consider this matter before the defendant should be required to stand trial.
In People v. Killorin (123 N. Y. S. 2d 612), the defendant was a police officer charged with trespass for entering upon the complainant’s property to arrest her 18-year-old son. The defendant’s defense would produce testimony about one and possibly other youthful offenders. The court felt that to subject youthful offenders to publicity in open court would be improper and would constitute the case as one of far-reaching effect regulating a matter of interest. Accordingly, this charge was removed to County Court upon the defendant’s application.
The instant case satisfied the second criterion of People v. Prisco (68 Misc 2d 493, supra) by presenting a complex issue of law as in People v. Lovejoy (supra); it also satisfies the fourth criterion of People v. Prisco (supra) by evoking a decision that might be far reaching in effect and establish a precedent of equal importance to People v. Killorin (supra).
Although two of the criteria set forth in cases interpreting section 57 of the Code of Criminal Procedure have been satisfied, it should be noted that CPL 170.25 uses different language. The latter section provides that upon a showing of good cause that the interests of justice so require, a lower criminal court may be divested of jurisdiction.
While it would seem that the cases decided under section 57 are still applicable, the different language in CPL 170.25 suggests that another criterion —in the interests of justice — has been added. People v. Killorin (supra), even though decided prior to the CPL, supports this conclusion.
People v. Killorin (supra) has singular applicability to the facts of this case. The court held the Grand Jury could cause full and complete inquiry to be made of all facts and circumstances ; the peculiar facts here certainly warrant the same consideration. The court felt that the Grand Jury could call the accused boys as witnesses and still protect their anonymity; the young witnesses here are entitled to the same protection. The court believed the defendant should have the opportunity *401 to present his story; the defendant here should likewise be accorded this right. The court opined that even an acquittal would have a detrimental effect on the defendant’s status in the community; this is equally true here. Finally, the court felt that the necessity of a trial should be confirmed by the Grand Jury; the reasons are similarly compelling here.
The language which was quoted by the court in Killorm is persuasive that the establishment of the criterion of “ the interests of justice ” is compatible with prior case law. There the court quoted as follows: ‘1 ‘ If these charges are presented by indictment * * / * all sides of the controversy will have the benefit of the restraining influence of an impartial tribunal in order that the ends of justice may be achieved according to the forms and spirit of the law ’ ” (People v. Killorin, 123 N. Y. S. 2d 612, 627, supra; emphasis supplied).
Therefore, based upon the criteria established by both section 57 of the Code of Criminal Procedure and CPL 170.25, the application of the defendant that the charges of reckless endangerment in the second degree and endangering the welfare of a child be removed from the Town Court of Gates to County Court is granted.