Kenneth C. Johnson, Jr. J.
This is a proceeding on an appeal from a judgment of the Ithaca City Court, rendered upon a jury verdict January 16, 1973 convicting the appellant of driving while intoxicated in violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law: "No person shall operate a motor vehicle while he is in an intoxicated condition.” The defendant as grounds for the appeal contests the admissibility of the results of a breathalyzer test and, in *63 addition, claims he was prejudiced by certain instructions to the jury by the court.
The evidence shows that at about 6:20 p.m. on November 10, 1972 the defendant, while driving his automobile on West Clinton Street, Ithaca, struck and injured a pedestrian. Police Officer Mabee upon arriving at the scene, smelling alcohol on the defendant’s breath, and learning from him that he had been drinking, arrested the defendant and took him to the police station. There the defendant further told Officer Mabee he previously had three or four drinks with beer chasers. At 7:08 p.m. the defendant was given a breathalyzer test by Officer Devlin which showed a blood alcohol concentration of .18 of 1%. The defendant was subsequently charged with the above mentioned violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law. At the trial both Officers Mabee and Devlin testified for the People along with Officer Norman who testified briefly about the breathalyzer. A witness on behalf of the defendant testified that the defendant was in his place of business, a service station at 109 North Meadow Street, from about 4:30 p.m. to about 5:45 p.m. while his car was being repaired. The defendant had told the police officers that whatever he had to drink, he did so between 6:00 p.m. and 6:15 p.m., it being herewith noted that the latter time was only about five minutes before the accident.
In the Trial Judge’s charge to the jury, there are two areas of instruction that should be carefully scrutinized in order to determine whether prejudicial error has been committed requiring reversal.
In the Trial Judge’s instructions referring to the fact that the defendant did not testify in his own behalf, the court stated: "Consider whether any witness is interested in the outcome of this case, and in such a case may I say that it is a matter of law that the defendant is an interested witness. Now the defendant did not take the stand.” The court then went on to explain and charge fairly, in terms of CPL 300.10, that a defendant is not required to take the stand. However, said CPL 300.10 emphasizes that this charge to the jury is to be given only upon request of a defendant "but not otherwise.” The defendant contends, and it is not denied, that he made no such request. While the particular remarks of the Trial Judge did not here go as far as those held reversible error in such cases as People v Forte (277 NY 440) and People v Migneault (25 AD2d 697), the implication of the remarks is *64 much the same. In all fairness, it must be said that the evidence of the defendant’s guilt beyond a reasonable doubt of the particular offense charged is not so overwhelming (because of other questions hereinafter mentioned) that this court would be justified in considering this error harmless.
The defendant also contends that the Trial Judge erred when, upon request of the prosecutor, the court instructed the jury that if they found the defendant operated a vehicle with ".12% or more percentage of alcohol by weight in his blood as shown by chemical analysis * * * The jury must find the defendant guilty regardless of his physical appearance or regardless of * * * what manner he operated that motor vehicle.” The defendant argues that this instruction was tantamount to telling the jury that if they found the defendant had the blood alcohol concentration testified to — .18%—he was conclusively presumed to have been intoxicated while operating his car. Bearing in mind that the defendant was not charged with violating subdivision 2 of section 1192 of the Vehicle and Traffic Law (which provided that no person shall operate a motor vehicle while he has .12% or more by weight of alcohol in his blood), and bearing in mind that the jury was not instructed they could find the defendant guilty of that particular subdivision of the law (pursuant to section 1196), the defendant’s point seems valid. The element of a presumption with respect to driving while intoxicated was removed from the statute in 1972 (L 1972, ch 450, as amd L 1972, ch 451, eff Jan. 1, 1973). Under the statute in effect at the time of the defendant’s alleged offense, evidence that a person had .08 of 1% or more alcohol in his blood was relevant, but not prima facie evidence in determining whether such person was intoxicated (L 1971, ch 495, L 1972, chs 450, 451). Section 1196 of the Vehicle and Traffic Law (eff Jan. 1, 1971) provides that "a driver may be convicted of a violation of subdivisions one, two or three of section [1192] * * * notwithstanding that the charge laid before the court alleged a violation of subdivision two or three”. The (then) prosecutor in this case therefore correctly, under such provision, commented in his summation that "The only question in my mind for you to answer is did he have more than .12% of alcohol in his blood”, and later on "I don’t see (how) you could come in with any other verdict except guilty of 1192-2, Driving a Motor Vehicle in the State of New York with more than .12 percent of alcohol in your blood.” However, in his charge to the jury the Trial Judge did *65 not instruct the jury that they may find the defendant guilty of subdivision 2 of section 1192. He never mentioned section 1196 of the Vehicle and Traffic Law. The only charge the jury was considering under his instructions was a violation of subdivision 3 of section 1192, driving while intoxicated.
In the case of People v Fielder (75 Misc 2d 446), the District Court of Suffolk County held that where the information charged the defendant with driving while intoxicated in violation of subdivision 3 of section 1192 only and did not charge the defendant also with a violation of subdivision 2 of section 1192 (driving while he had .10% or more alcohol), the jury could not find the defendant guilty of violating the latter and the jury verdict was, upon motion of the defendant, set aside. The Supreme Court (Second Department) acting as an Appellate Term, reversed and reinstated the jury verdict stating that section 1196 "authorized charging the jury” that the defendant "could be found guilty of violating section 1192, subdivision 2, even though the information accused” the defendant only of a violation of subdivision 3. (People v Fielder, 78 Misc 2d 7.) The important point to note in the Fielder cases is that the Trial Judge charged the jury they could find the defendant guilty of either subdivision 2 or subdivision 3 of section 1192. In the case at hand, there was no such instruction and the jury therefore could only (and was only) considering a violation of subdivision 3, driving while intoxicated. Their verdict was guilty and it therefore could have only been a verdict of guilty as charged — a violation of subdivision 3 of section 1192. The instructions to the jury concerning driving while the defendant had a .12% or more of alcohol by weight in his blood were therefore improperly given to the jury and prejudicial in its consideration of a violation of driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 3).
The defendant also contends that the result of the breathalyzer test should not have been admitted on two grounds. One ground is that no consideration was given to the time lag between the ingestion of alcohol and its effect on the brain and the other ground that no proper foundation had been laid for introduction of the test. Such a time lag is described and discussed in the case of People v Kovacik (205 Misc 275). Unquestionally some passage of time is required for the absorption of alcohol into the blood stream, the time varying for individuals and circumstances — such as consumption of food, etc. The defendant’s position here is that since the *66 defendant’s drinking was confined to the 15-minute interval expiring about 5 minutes before the accident, the result of a breathalyzer made 48 minutes later would be no proof of his condition at the accident. This problem has been of some trouble to some of the courts (see People v Jones, 77 Misc 2d 33). The statute, of course, merely requires that the test be made within two hours of arrest and this has been so for the past 15 years. The State Legislature must be deemed to be aware of the many facets of this problem of admissibility, including the point here made, and has evidently concluded that the rights of a defendant are protected adequately by the current law and practice. The defendant attempted to establish his point in cross-examination of the People’s witness and in summation, presumably without convincing the jury. In regard to the other contention concerning the admissibility of the breathalyzer test, the manner in which a proper foundation for introduction of the test result of a breathalyzer is described generally in People v Donaldson (36 AD2d 37), Roy v Reid (38 AD2d 717) and in more detail in People v Meikrantz (77 Misc 2d 892). The Meikrantz case should be noted very carefully by the law enforcement officers and prosecuting attorneys. Careful observance of the elements of a proper foundation as described in that case will avoid controversy in questions of admissibility of breathalyzer evidence (pp 898, 899). In any retrial of this case, more care should be taken to show by previous tests that the breathalyzer machine was calibrated and otherwise functioning properly. Evidence that the machine was operating properly by calibration records a reasonable time before and after the particular time of the test result in question should be introduced and were lacking in the case at hand.
Because of the errors in the trial, the judgment appealed from must be reversed and the matter returned to the Ithaca City Court for a new trial as soon as possible.
In conclusion, this court notes that although the defendant submitted a brief which is commendably excellent, this court’s consideration of this appeal was in no way aided by the present City Prosecutor.