I. Stanley Rosenthal, J.
In this motion to suppress the evidence taken from a breathalyzer test of defendant, the fact pattern is apparently one of first impression, at least insofar as this court could find.
The defendant was arrested at 2:15 a.m. on the morning of May 9, 1974 after having been stopped by the police. For the purposes of this suppression hearing it was stipulated that the testing officer had probable cause to administer the breathalyzer test. Also, the status and qualifications of the officer have been conceded. What happened was that at 4:13:57 a.m., following the arrest, the first breath sample was obtained. It was tested on the breathalyzer immediately, and the testing officer recorded the result of the test at 4:16 a.m. The defendant argues that since the test was not completed within the two hours provided for in section 1194 of the Vehicle and Traffic Law, the results should be suppressed.
The court agrees with defendant’s contention that this *281 statute must be strictly construed for the protection of every defendant who may be charged with driving while intoxicated. However, the court is not obliged to go beyond the natural meaning of the statute so as to give a defendant undue advantage not contemplated by the Legislature when it enacted this legislation.
The defendant relies principally on two cases, namely, People v Lovejoy reported at 66 Misc 2d 1003, and People v Bock reported at 77 Misc 2d 350.
Defendant stresses that in Lovejoy the Court stated that failure to provide the defendant with the time element of the test raises the question of due process. This court, although agreeing with the premise in Lovejoy that Vehicle and Traffic Law section 1194 is subject to a liberal construction in favor of the defendant, cannot help but conclude that the opinion in Lovejoy actually supports the People’s rather than the defendant’s position here.
In Lovejoy neither the hospital, the physician nor the arresting officer had any recollection of the time the blood was taken. In the case before this court however, this information is precise. The officer’s uncontradicted testimony was to the point. He testified that the breathalyzer used was calibrated approximately one year before the test and again approximately two months later. That on each occasion no adjustments were found necessary. The officer also tested the breathalyzer both before and after he gave the defendant the breath test and found the machine to be in perfect working order.
The officer further testified in great detail and was corroborated by form 38, in evidence, which showed that the entry of the breath samples was made at 4:16 a.m. However, the test had commenced some time before 4:16 a.m. To back up this testimony, the officer, again undisputed, testified that after the breath sample was collected in the chamber of the breathalyzer it took 33 seconds for the piston to drop plus another 90 seconds for the sample to be analyzed. By adding these two elapsed times we find that two minutes and three seconds were consumed in the analyzing process. If we subtract that two minutes and three seconds from the entry time, 4:16 a.m., we arrive at the undisputed fact that the test was commenced no later than 4:14 a.m. which is within the two hour limit provided by Vehicle and Traffic law section 1194.
True, the defendant is entitled to every advantage of liberal construction, but the court must also protect the People’s *282 position. Although the time factor is close, it is this court’s feeling that the officer’s testimony is entitled to conclusive weight in view of the fact that it was not contradicted by direct evidence.
In People v Bock (supra), the defendant argues, the court stated that the results of any chemical test, to be meaningful, must satisfy the statutory requirement. Hence it had to be administered within two hours after arrest. That is exactly what this court finds happened here. There is no question that the integrity of the defendant’s breath sample was preserved for testing processes at the time the officer filled the chamber with defendant’s breath and turned the machine on to the "analyzing position”. All this happened prior, even though only a minute or so prior, to the expiration of the two hour period. The statutory requirement was met the second the breath sample was deposited into the breath chamber for analysis.
There is one Court of Appeals decision which sheds considerable light on this situation as well. In People v Malone (14 NY2d 8) the court held that the results of a blood test were admissable even though the sample was placed in a vial, sealed and placed in a container for mailing, taken home by a State Trooper who held the sample in a strong box overnight and mailed the sample to the State Police Laboratory in Albany for analysis. The Court of Appeals was concerned only with the issue of the chain of possession and the integrity of the blood sample; not with the fact that the analysis was not completed within the applicable two hour period.
Certainly in the case before this court the facts are even more convincing. There was no possible manipulation of defendant’s breath since it was captured by the required breathalyzer equipment within the two hour period provided by statute. In fact the analysis was being made even before the two-hour period had transpired, although the notation on the record was that the analysis was completed at 4:16 a.m., only one minute over the two-hour mark.
Accordingly, this court is constrained to deny defendant’s motion to suppress.