*264 Memorandum. Judgment of conviction for driving while under the influence of alcohol in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law affirmed.
The record discloses that defendant was arrested at about 9:10 p.m. at the site of an accident in which he was involved. A breathalyzer test was administered at 10:45 p.m. and a reading of .20% was obtained. Upon this appeal, defendant contends, among other things, that the People failed to prove that the amount of alcohol in his blood exceeded .10% at the time he operated his motor vehicle and, therefore, the guilty verdict was improper.
If defendant’s contention, based upon a literal reading of the statute, were tenable, it would be virtually impossible to convict a driver for operating a motor vehicle while he had .10% or more of alcohol in his blood, because of the impossibility of administering the test concurrently with operation of the vehicle. It may be presumed, and the statute lends itself to such construction, that the Legislature intended that a person would be guilty of the above misdemeanor if the blood alcohol content exceeded .10% within two hours of his arrest (see Vehicle and Traffic Law, § 1194; People v Smith, 81 Misc 2d 61, 65). Stated another way, the gravamen of the crime is operation of a motor vehicle after ingestion of sufficient alcohol to produce the reading condemned by the statute within two hours of arrest. To the extent that People v LaPlante (81 Misc 2d 34), upon which defendant relies, is to the contrary, we decline to follow it.
We have considered the other issues raised by defendant and find them to be without merit. In passing, we note that same have not been advanced by defendant as tending to establish his innocence (People v Rickenbacker, 50 AD2d 566).
Concur: Glickman, P. J., Pittoni and Silberman, JJ.