opinion of the court
Memorandum.
Judgment affirmed.
The evidence at trial revealed that defendant was arrested for the above offense in the emergency room of a hospital after he had been taken there by ambulance following a serious motor vehicle accident. A breathalyzer test was administered to him within two hours of his arrest but not within two hours of the moment when he had been removed from the scene of the accident. Upon this appeal, defendant challenges the constitutionality of that provision 'of the statute which authorizes the administration of the test within two hours of arrest (Vehicle and Traffic Law, § 1194, subd 1, par [1]), contending that the term “arrest” is vague inasmuch as it might refer to either an “on-the-scene” arrest or to an arrest occurring at some time *560 thereafter. We construe the term “arrest” within the above context, however, to be sufficiently broad and definite so as to properly include an arrest occurring in either of these situations, and we find that the unduly restrictive interpretation urged by defendant would be at variance with the term’s ordinary meaning (see, also, People v Monahan, 56 Misc 2d 244, 245, revd on other grounds 25 NY2d 378; cf. People v Brol, 81 AD2d 739, 740; People v LaMontagne, 91 Misc 2d 263, 264; People v Bock, 77 Misc 2d 350, 352).
We have also considered the other issues raised on this appeal and found them lacking in merit.
Slifkin, J. P., Geiler and DiPaola, JJ., concur.