OPINION OF THE COURT
Louis A. Barone, J.
The defendant argues that in order for the results of a breathalyzer test to be introduced in either a civil or criminal action, there must be strict compliance with Vehicle and Traffic Law § 1194.
The defendant "Rosebud” alleges that the defendant Zois was arrested for driving while intoxicated somewhere between 3:58 a.m. and 4:19 a.m. The arresting officer affirms that *962 defendant Zois was placed under arrest when the responding ambulance left the scene of the accident.
Pursuant to the prehospital care report completed by the ambulance personnel, they arrived at the accident at 3:58 a.m. and left at 4:19 a.m.
Accordingly, pursuant to the officer’s statement and the ambulance personnel report, defendant Zois was arrested sometime about 4:19 a.m. He was then transported to St. Luke’s Hospital where he arrived at 4:48 a.m. According to the hospital report, he was released at 6:25 a.m. He was then taken to police headquarters.
The test/police report indicates that defendant Zois was arrested at 5:15 a.m. and the test administered at 6:45 a.m. However, the ambulance report indicates they left the accident scene at 4:19 a.m. and defendant Zois was in the hospital until 6:25 a.m.
Plaintiff has not proven that the test was taken within the required 2-hour time span. It was held in People v Hummel (81 Misc 2d 280, 281) that Vehicle and Traffic Law § 1194 “must be strictly construed for the protection of every defendant who may be charged with driving while intoxicated.”
The time lapse in the instant case is not de minimis as in Hummel (supra).
The motion is granted and plaintiff may not introduce into evidence in this action the results of a breathalyzer test given to defendant Zois in connection with his arrest for driving while intoxicated.